UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
YASER OMAR, EMMANUEL GARCIA,
and CHARLES GARCIA, Individually and                    1:16-cv-05824-LDH-CLP
On Behalf of All Others Similarly Situated,

       Plaintiffs,

  -against-
1 FRONT STREET GRIMALDI, INC. d/b/a
GRIMALDI'S PIZZERIA, SIXTH AVENUE
GRIMALDI, INC. d/b/a GRIMALDI's
PIZZERIA, GRIMALDI'S LUNA PARK
INC. d/b/a GRIMALIDI'S PIZZERIA,
FRANK CIOLLI, Jointly and Severally.

       Defendants.
----------------------------------------------------------------------X


## MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFFS'

## MOTION FOR LEAVE TO AMEND THE COMPLAINT


April 9, 2018

          RIVKIN RADLER LLP
          Scott R. Green, Esq.
          926 RXR Plaza
          Uniondale, NY 11556-0111
          (516) 357-3000


          *Attorney for Defendants*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY & STATEMENT OF FACTS .................................................. 1

LEAVE TO AMEND A COMPLAINT SHOULD BE DENIED WHEN
SUCH AMENDMENT WOULD BE FUTILE .................................................................... 2

    I.    There is No Successor Liability Under Any Applicable Analysis ........................ 3

CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acito v. IMCERA Grp., Inc.*,
  47 F.3d 47 (2d Cir. 1995) ................................................................................................... 3

*Battino v. Cornelia Fifth Ave., LLC*,
  861 F. Supp. 2d 392 (S.D.N.Y. 2012) ............................................................................ 3, 4

*Cargo Partner AG v. Albatrans, Inc.*,
  352 F.3d 41 (2d Cir. 2003) .................................................................................................. 4

*Colon v. Multi-Pak Corporation*,
  477 F. Supp.2d 620 (S.D.N.Y. 2007) ............................................................................. 4, 5

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*,
  347 F. App'x 617 (2d Cir. 2009) ........................................................................................ 3

*Schumacher v. Richards Schear Corp.*,
  59 N.Y.2d 239, 464 N.Y.S.2d 437 (1983) ......................................................................... 5

**Statutes**

Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq* .................................................................... 1

FLSA ............................................................................................................................................. 3

New York Labor Law .................................................................................................................. 1

NYLL ............................................................................................................................................ 1

**Other Authorities**

rule: (1) ......................................................................................................................................... 3

**Non-TOA References**

(Order of the Court dated March 12, 2018) ............................................................................. 2

## PRELIMINARY STATEMENT

Defendants 1 Front Street Grimaldi, Inc. D/B/A Grimaldi's Pizzeria, Sixth Avenue Grimaldi, Inc. D/B/A Grimaldi's Pizzeria, Grimaldi's Luna Park Inc. D/B/A Grimaldi's Pizzeria and Frank Ciolli (hereafter collectively referred to as "Defendants"), respectfully submit this Memorandum of Law in opposition to Plaintiffs' Motion for Leave to Amend the Complaint a third time.

Plaintiffs' motion for leave to amend the complaint should be denied because doing so would be futile. Plaintiffs seek to file a Third Amended Complaint in order to add Dumbo Restaurant Corp., ("Dumbo") as a successor corporate defendant to 1 Front Street Grimaldi and to correct Plaintiff Garcia's name. However, as discussed below, Plaintiffs fail to set forth any basis for their successor liability claims. Critically, Plaintiffs' papers fail to identify all of the owners of 1 Front Street Grimaldi and Dumbo. They also fail to address in any way, the negotiations and transaction between the two entities and doing so critically impedes their ability to establish that Dumbo assumed 1 Front Street's liabilities.

## PROCEDURAL HISTORY & STATEMENT OF FACTS

The Named Plaintiffs commenced this action on October 18, 2016, alleging that Defendants failed to pay them and similarly situated bussers, servers and counter employees minimum wages and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law ("NYLL"). They further alleged that Defendants failed to provide them with spread-of-hours pay, wage notices and wage statements in violation of NYLL. *See,* Dkt. No. 1 Complaint. On January 5, 2017, Plaintiffs subsequently filed an amended complaint reflecting their previous dismissal against John Does # 1-45.

Later, on August 3, 2017, Plaintiffs amended the complaint a second time in order to substitute 1215 Surf Ave. Restaurant Corp. for Grimaldi's Luna Park Inc. (Dkt. No. 29).

Defendants filed the Answer to the Second Amended Complaint on August 25, 2017. (Dkt. No. 33).

The parties' joint motion for conditional certification was granted on January 19, 2017, with a class that included all waiters, bussers, pizza makers, delivery employees, dishwashers and counter employees who worked for Defendants from January 5, 2014 to January 19, 2017. (Dkt. No. 23). Collective action notices were distributed and seven (7) opt-in plaintiffs joined the case by the end of the notice period. (Dkt. Nos. 5-8, 10, 24, 26).

Thus far, the parties have completed paper discovery, and have conducted the depositions of the Named Plaintiffs and the Defendants. Post depositions, Plaintiff's sought consent to amend the complaint a third time and Defendants refused. Plaintiff's subsequently filed a pre-motion letter requesting leave of the court to amend the complaint. (Dkt. No. 37). On March 12, 2018, the Court set a briefing schedule for the instant motion. (Order of the Court dated March 12, 2018).

On March 20, 2018, Plaintiff's filed their motion to amend the complaint to add Dumbo as a corporate defendant under successor liability theory. Plaintiffs contend that Dumbo is subject to successor liability because Defendant "Ciolli testified that he is the sole owner of Dumbo Restaurant Corp., Dumbo Restaurant Corp. was continuing the business of 1 Front Street Grimaldi, Inc., and Dumbo Restaurant Corp. employs the former employees of 1 Front Street Grimaldi, Inc." They also rest their claim for successor liability on the alleged confirmation of the role of Dumbo by Gina Peluso, the General Manager of the Grimaldi's Brooklyn Bridge location.

## LEAVE TO AMEND A COMPLAINT SHOULD BE DENIED WHEN SUCH AMENDMENT WOULD BE FUTILE

It has been clearly held that leave to amend a complaint should be denied when such leave would be futile. *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47 (2d Cir. 1995) citing *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir.1979). See also, *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617 (2d Cir. 2009). Plaintiffs seek to amend the Complaint a third time in order to add Dumbo as a successor corporate Defendant in the present action. However, granting Plaintiff's leave to amend the complaint in this matter is futile because based on Plaintiffs' motion papers, Dumbo cannot be subjected to successor liability under the controlling authorities.

I.  **There is No Successor Liability Under Any Applicable Analysis**

The Second Circuit has not delineated what the proper test for successor liability should be in the FLSA context. However, in evaluating Plaintiffs' claims under both traditional New York common law and the substantial continuity test, Plaintiffs clearly fail to establish a viable claim for successor liability.

Under the traditional common law test applied in New York, "a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities." *Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 400–01 (S.D.N.Y. 2012) citing *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir.2006) ["*NSI* "] (citations omitted). There are four exceptions to this rule: (1) where the successor expressly or impliedly assumed the predecessor's tort liability; (2) where there was a consolidation or merger of seller and purchaser; (3) where the purchasing corporation was a mere continuation of the selling corporation; or (4) where the transaction is entered into fraudulently to escape such obligations. *Id.* These exceptions do not apply here.

Critically, Plaintiffs do not state or allude to any facts suggesting that Dumbo either expressly or impliedly assumed 1 Front Street Grimaldi's liability. Turning to the second and third exceptions, Courts have held that the "*de facto* merger" and "mere continuation" exceptions are "so similar that they may be considered a single exception." *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 n. 3 (2d Cir.2003). To find a find a *de facto* merger (or mere continuation), courts look to the following factors:

> (1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation.
>
> *Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 401 (S.D.N.Y. 2012)

Plaintiffs' motion fails to identify the owners of 1 Front Street Grimaldi and Dumbo. It is not sufficient to allege that Frank Ciolli was an owner of both entities and without addressing the entire ownership structure of both entities, they cannot establish continuity of ownership. Furthermore, they are silent with respect to any reference to the type of transaction via which Dumbo, came to own the pizzeria involved herein. Without a description of the transaction, it is impossible for Plaintiffs to properly claim continuity of ownership or assumptions of liabilities.

The "mere continuation" exception to the traditional rule likewise does not help Plaintiffs here. That exception applies only where "it is not simply the business of the original corporation which continues, but the corporate entity itself." *Colon v. Multi-Pak Corporation*, 477 F. Supp.2d 620, 626 (S.D.N.Y. 2007) (citation omitted). "A continuation envisions a common identity of directors, stockholders and the existence of only one

4

corporation at the completion of the transfer." Id. At 627 (citing *Ladjaverdianv. Laidlaw-Coggeshall, Inc.*, 431 F. Supp. 834, 839 (S.D.N.Y. 1977)). *Accord, Schumacher v. Richards Schear Corp.,* 59 N.Y.2d 239, 244, 464 N.Y.S.2d 437 (1983); It is apparent that the mere continuation exception does not support liability given the facts as offered by Plaintiffs in their motion papers.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court deny Plaintiffs' Motion for Leave to Amend the complaint.

3963253 v1