UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
YASER OMAR, EMMANUEL GARCIA,
and CHARLES GARCIA, *Individually and
On Behalf of All Others Similarly Situated,*

                      Plaintiffs,

**ORDER**

             -against-                                  16 CV 5824 (LDH)(CLP)

1 FRONT STREET GRIMALDI, INC., d/b/a
GRIMALDI'S PIZZERIA, SIXTH AVENUE
GRIMALDI, INC., d/b/a GRIMALDI'S
PIZZERIA, 1215 SURF AVE. RESTAURANT
CORP., d/b/a GRIMALDI'S PIZZERIA,
and FRANK CIOLLI, *Jointly and Severally,*

                      Defendants.

------------------------------------------------------------ x
**POLLAK**, United States Magistrate Judge:

On October 18, 2016, plaintiffs Yaser Omar ("Omar"), Emmanuel Garcia, and Charles Garcia (the "Named Plaintiffs") commenced this collective action on behalf of themselves and all others similarly situated, against defendants 1 Front Street Grimaldi, Inc., d/b/a Grimaldi's Pizzeria, Sixth Avenue Grimaldi, Inc., d/b/a Grimaldi's Pizzeria, 1215 Surf Ave. Restaurant, d/b/a Grimaldi's Pizzeria, and Frank Ciolli, jointly and severally, seeking damages based on defendants' failure to pay minimum wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") §§ 650 et seq., along with unpaid spread of hours wages, and failure to provide proper wage notices and wages statements under the NYLL. Presently pending before this Court is plaintiffs' motion for leave

to file a Third Amended Complaint, naming Dumbo Restaurant Corp. as a defendant and correcting the name of Charlie Garcia.

For the reasons set forth below, the Court grants plaintiffs' motion to amend.

FACTUAL BACKGROUND

According to the proposed Third Amended Complaint, defendant Frank Ciolli ("Ciolli") owns 1 Front Street Grimaldi, Inc. ("1 Front Street"), the first of the famous Grimaldi's, located at 1 Front Street under the Brooklyn Bridge. (Thrd Am. Compl.[1] ¶¶ 1, 2). Ciolli purchased the first Grimaldi's, originally located at 19 Old Fulton Street in Brooklyn, from its founder, Patsy Grimaldi, in the late 1990s. (Id. ¶¶ 37, 38). Although Ciolli kept the original name, he moved the location of the pizzeria to 1 Front Street. (Id. ¶ 39). Plaintiffs allege that 1 Front Street became inactive as a New York Business Corporation as of October 26, 2016, shortly after this lawsuit was filed. (Id. ¶ 6). Dumbo Restaurant Corp. ("Dumbo") is allegedly the successor company to 1 Front Street, now doing business as Grimaldi's Pizzeria, with its principal place of business located at 1 Front Street in Brooklyn. (Id. ¶ 7). The remaining two defendants—1215 Surf Ave. Restaurant, located on Coney Island, and Sixth Avenue Grimaldi, Inc., located at 656 Sixth Avenue[2] in Manhattan—are also allegedly owned by Ciolli and are currently active New York Business Corporations. (Id. ¶¶ 8-9). Plaintiffs alleges that each of the corporate defendants are employers, engaged in interstate commerce and/or the production of goods for commerce within the definition set by the FLSA, and each has gross annual revenues of more than $500,000. (Id. ¶¶ 17, 18).

---

[1] Citations to "Thrd Am. Compl." refer to plaintiffs' proposed Third Amended Complaint, dated March 20, 2018.
[2] The Third Amended Complaint alleges that the Sixth Avenue location, and a third restaurant, located at 462 Second Avenue, also in Manhattan, were seized and closed in August and April 2016, respectively, due to non-payment of taxes; the Sixth Avenue location re-opened in October 2016. (Id. ¶¶ 43-44).

Plaintiffs allege that defendant Ciolli is the owner, director, officer and majority shareholder of the various corporate entities, and has been responsible for and participated in the day-to-day operations of the corporate defendants. (Id. ¶¶ 11-13). According to the plaintiffs, Ciolli set plaintiffs' terms and conditions of employment, had the power to hire and fire employees, determined the rate and method of pay, maintained the defendants' payroll records, and was responsible for the failure to pay proper wages and provide wage notices and wage statements. (Id. ¶¶ 14, 16). Thus, Ciolli is allegedly an "employer" pursuant to the FLSA and NYLL. (Id. ¶ 15).

The Named Plaintiffs allege that they worked for defendants in their pizza restaurants located in Kings County and New York County during the relevant time period. (Id. ¶¶ 1-4). Plaintiff Omar alleges that he worked as a waiter from approximately January 2011 through August 13, 2016, receiving his training at the original Grimaldi's located on Old Fulton Street, and was then employed at the Sixth Avenue location until March 2013. (Id. ¶¶ 51-52). From April 2013 until April 2014, Omar worked at the Second Avenue location and then returned to the Sixth Avenue location, where he worked until it was seized on August 13, 2016. (Id. ¶¶ 53, 54). Omar claims that until late 2012, he was not paid any wages, only tips, and that from late 2012 until the end of his employment, he was paid a salary of $60 per week plus tips. (Id. ¶¶ 55-56). Omar alleges that he worked four to five days per week, 13.5 hours per day for a total of between 54 and 67.5 hours per week. (Id. ¶ 57).

Plaintiff Emmanuel Garcia was employed as a busboy, waiter and counter employee from 2005 until June 2014, working at the Sixth Avenue and Second Avenue locations. (Id. ¶¶ 59-63). He was paid $60 a week plus tips when working as a busboy or waiter; his pay was $100 per week per six hour shift when he worked as a counter employee. (Id. ¶¶ 64, 65). Emmanuel

Garcia alleges that he worked four to five days per week, 13 hours per day for between 54 and 67.5 hours per week. (Id. ¶ 66).

Charlie Garcia, originally named in the case as "Charles" Garcia, alleges that he was employed as a waiter from around 2010 through November 2012, working mainly at the Sixth Avenue location, except for a period in the summer and fall of 2012 when he worked at the Coney Island location. (Id. ¶¶ 68-72). Charlie Garcia claims to have worked four to five days per week, 13.5 hours per day, for a total of between 54 and 67.5 hours per week. (Id. ¶ 73). During the entire time, he was paid a weekly salary of $40 plus tips. (Id. ¶ 72).

On behalf of themselves and other similarly situated Collective Action Members, the Named Plaintiffs claim violations of the minimum wage and overtime requirements of the FLSA, violations of the minimum wage, spread of hours, and overtime requirements of the NYLL, and failure to comply with the wage notice and wage statement requirements of the NYLL. (Id. ¶¶ 80-103).

## PROCEDURAL HISTORY

Following the filing of the Complaint on October 18, 2016, the Named Plaintiffs filed an Amended Class and Collective Action Complaint on January 5, 2017, and a Second Amended Class and Collective Action Complaint was filed on August 3, 2017. On August 25, 2017, defendants filed their answer to the Second Amended Class and Collective Action Complaint.

The Named Plaintiffs moved for conditional certification of a FLSA Collective action on January 19, 2017. The motion was granted and notice was sent to waiters, bussers, pizza makers, delivery employees, dishwashers, and counter employees who worked for defendants from January 5, 2014 through January 19, 2017. Seven opt-in plaintiffs thereafter joined the

4

action. The parties exchanged written discovery and the Named Plaintiffs and defendants were deposed.

In seeking to amend the complaint for a third time, plaintiffs contend that during Frank Ciolli's deposition, conducted on January 25, 2018, plaintiffs learned that 1 Front Street had been dissolved only eight (8) days after the original Complaint was filed. (Pls.' Mem. at 2). According to Ciolli, Dumbo Restaurant Corp., of which he is the sole owner, was continuing the 1 Front Street business and employing the former employees of 1 Front Street. (Id.) This information was confirmed by the manager of the 1 Front Street Grimaldi's. (Id.) According to plaintiffs, defendants had failed to mention the dissolution of 1 Front Street and the creation of its successor company, despite responding to the pleadings, interrogatories and notices to admit. (Id.)

Plaintiffs' counsel asserts that immediately after learning of this information during Ciolli's deposition, counsel asked defendants if they would consent to an amendment that would add Dumbo as a defendant in the action. (Id.) When defendants refused, counsel requested permission to file a motion, and the undersigned set a briefing schedule accordingly. (See Electronic Scheduling Order dated March 12, 2018).

In addition to seeking to add Dumbo as a defendant to this action, plaintiffs move to correct the name of one of the plaintiffs from "Charles" Garcia to "Charlie" Garcia. (Pls.' Mem. at 1). Since defendants do not appear to object to the correction of Mr. Garcia's first name, the Court grants plaintiffs' motion to amend in this regard.

DISCUSSION

A. <u>Motion to Amend - Standards</u>

Since plaintiffs are seeking to add Dumbo as a new party to this action, Rules 20 and 21 of the Federal Rules of Civil Procedure govern. Rule 20 provides that persons may be joined in one action as defendants "if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences. . . ." Fed. R. Civ. P. 20. Rule 21 provides that "the court may at any time, on just terms add. . . a party." Fed. R. Civ. P. 21. In analyzing a motion to amend to add a party under these rules, courts have held that there "is in practical terms little difference between [these Rules]" and Rule 15 of the Federal Rules of Civil Procedure. <u>Franco v. Ideal Mortg. Bankers, Ltd.</u>, No. 07 CV 3956, 2009 WL 3150320, at *3 n.3 (E.D.N.Y. Sept. 28, 2009). "Although Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action," "the showing necessary under Rule 21 is the same as that required under Rule 15(a)." <u>Lederhouse v. Landau Arnold Laufer LLP</u>, No. 15 CV 8668, 2018 WL 1635030, at *2 (S.D.N.Y. Apr. 4, 2018) (quoting <u>FTD Corp. v. Banker's Tr. Co.</u>, 954 F. Supp. 106, 109 (S.D.N.Y. 1997), <u>Johnson v. Bryson</u>, 851 F.Supp.2d 688, 703 (S.D.N.Y. 2012)).

Rule 15 expresses a strong presumption in favor of allowing amendment, stating that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant a plaintiff's motion to file an amended pleading remains within the court's discretion, <u>see</u> <u>Zahra v. Town of Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995), an amendment should not be allowed where there has been bad faith or dilatory motives or where the amendment would be futile or would cause undue delay or undue prejudice to the opposing party. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>McCarthy v. Dun & Bradstreet Corp.</u>,

482 F.3d 184, 200-01 (2d Cir. 2007) (holding that the Second Circuit has cautioned that an amendment should only be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party"); accord Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). Zahra v. Town of Southold, 48 F.3d at 685; John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994); Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1198 (2d Cir. 1989). The party opposing amendment bears the burden of demonstrating good reason for denial. Speedfit, LLC v. Woodway USA, Inc., No. 13 CV 1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015).

B. Analysis

In opposing the amendment, defendants argue that the proposed amendment to add Dumbo as a defendant would be futile because plaintiffs clearly fail to establish a claim for successor liability. (Defs.' Mem.[3] at 3). Acknowledging that the Second Circuit has not delineated what the proper test for successor liability is in the context of a FLSA case, defendants rely on the traditional common law test in New York, which holds that "a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities," except where: 1) the successor corporation assumed the liabilities, either expressly or impliedly; 2) there was a consolidation or merger; 3) the purchasing corporation was "a mere continuation of the selling corporation;" or 4) the transaction is entered into fraudulently to escape such obligations. (Id. at 3 (quoting Battino v. Cornelia Fifth Ave., LLC, 861 F. Supp. 2d 392, 400-01

---

[3] Citations to "Defs.' Mem." refer to the defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint, dated April 9, 2018.

(S.D.N.Y. 2012)). Defendants argue that plaintiffs "fail to address in any way, the negotiations and transactions between [1 Front Street and Dumbo Restaurant Corp] and doing so critically impedes their ability to establish that Dumbo assumed 1 Front Street's liabilities." (Defs.' Mem. at 4) (see also id., arguing that plaintiffs are "silent with respect to any reference to the type of transaction via which Dumbo[] came to own the pizzeria involved herein").

Plaintiffs contend that their proposed amendment is not futile because Dumbo Restaurant Corp. is a mere continuation of the selling corporation. (Pl.'s Mem. at 6). To determine whether a mere continuation or a de facto merger has occurred, courts consider the following factors: "(1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets and general business operation." Franco v. Jubilee First Ave. Corp., No. 14 CV 7729, 2016 WL 4487788, at *8 (S.D.N.Y. Aug. 25, 2016). Plaintiffs argue that the question on this motion to amend is not whether plaintiffs have *established* successor liability, but rather whether the allegations in the Third Amended Complaint plausibly state a claim that Dumbo is an "employer" for purposes of the FLSA as to "put Defendants on notice that Dumbo is alleged to be an employer as a successor," as a "joint employer," or as a "single integrated enterprise." (Pls.' Reply[4] at 2).

The Third Amended Complaint alleges that Dumbo "does business as Grimaldi's Pizzeria;" that its principal place of business is 1 Front Street, Brooklyn; and that Frank Ciolli is the sole owner of Dumbo. (Thrd Am. Compl. ¶¶ 1, 7, 11, 46). Plaintiffs' Third Amended

---

[4] Citations to "Pls.' Reply" refer to plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Motion for Leave to Amend the Complaint, dated April 16, 2018.

8

Complaint explicitly alleges that Dumbo "is the successor company to 1 Front Street Grimaldi, Inc." The Corporate Defendants, which have been defined to include Dumbo, are alleged to be part of a "single integrated enterprise that jointly employed plaintiffs," and continue to be employers engaged in interstate commerce or the production of goods for commerce. (Id. ¶¶ 7, 17, 21). The allegations in the proposed Third Amended Complaint are, according to plaintiffs, based upon statements made by defendant Ciolli and the general manager of 1 Front Street, during the course of their depositions, in which they acknowledged that shortly after this lawsuit was filed, Dumbo took over the business of the pizzeria at 1 Front Street. (Id. ¶ 40). Plaintiffs further allege that according to Ciolli, the same employees who worked at the pizzeria before it was acquired by Dumbo continue to work there. (Pls.' Mem. at 8).

Although defendants argue that the motion to amend should be denied because plaintiffs have failed to allege the details of the transactions that resulted in the transfer of the pizzeria to Dumbo, this argument is premature given that plaintiffs just learned about the transfer at Ciolli's deposition and have not, prior to now, been given sufficient notice to allow them to fully explore the issue through discovery. The question of successor liability under the substantial continuity test is largely a factual one that needs to be developed through discovery. Franco v. Jubilee First Ave. Corp., 2016 WL 4487788, at *10; see also Bautista v. Beyond Thai Kitchen, No. 14 CV 4335, 2015 WL 5459737 (S.D.N.Y. Sept. 17, 2015).

Given the allegations regarding the transfer of the pizzeria to a new company only days after the initial Complaint was filed, but where the defendant Ciolli remains the owner, the location and type of business remain the same, and the employees are largely the same, the Court finds that there is a plausible claim of successor liability alleged in the Complaint. Accordingly,

9

the Court finds that plaintiffs have adequately alleged a basis to name Dumbo as an employer in the case as a successor to the original defendant in the case.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court grants plaintiffs' motion to amend to add a claim against Dumbo and to correct the name of the plaintiff to Charlie Garcia.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
　　　　May 8 , 2018

　　　　　　　　　　　　　　　　　　　/s/ Cheryl L. Pollak
　　　　　　　　　　　　　　　　　　　Cheryl L. Pollak
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　Eastern District of New York