UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YASER OMAR, EMMANUEL GARCIA, and
CHARLIE GARCIA, Individually and On
Behalf of All Others Similarly Situated,

                            Plaintiffs,          Index No.:

            -against-               1:16-cv-05824 (LDH) (CLP)

1 FRONT STREET GRIMALDI, INC. d/b/a
GRIMALDI'S PIZZERIA, DUMBO
RESTAURANT CORP. d/b/a GRIMALDI'S
PIZZERIA, SIXTH AVENUE GRIMALDI,
INC. d/b/a GRIMALDI's PIZZERIA, 1215
SURF AVE. RESTAURANT CORP. d/b/a
GRIMALDI'S PIZZERIA, and FRANK
CIOLLI, Jointly and Severally,

                           Defendants.
-------------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO CLASS CERTIFICATION AND SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS PURSUANT TO F.R.C.P 12(b)(1)


                                    Scott R. Green, Esq.
                                    Keegan B. Sapp, Esq.
                                    RIVKIN RADLER LLP
                                    *Attorneys for Defendants*
                                    926 RXR Plaza
                                    Uniondale, NY 11556-0111
                                    Tel: (516) 357-3000
                                    Fax: (516) 357-3333
                                    Email: Scott.Green@rivkin.com

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abdul-Malik v. Coombe*,
    1996 WL 706914, (S.D.N.Y. Dec. 6, 1996) ........................................................16

*Am. Exp. Co. v. Italian Colors Rest.*,
    570 U.S. 228  (2013) ........................................................................................15

*Consolidated Rail Corp. v.Town of Hyde Park*,
    47 F.3d 473, 483 (2d Cir. 1995) ......................................................................16

*Cullen v. Fliegner*,
    18 F.3d 96, 103 (2d Cir. 1994) ........................................................................12

*Diamond "D" Const. Corp. v. McGowan*,
    282 F.3d 191, 198 (2d Cir. 2002) ................................................................13, 14

*Enriquez v. Cherry Hill Mkt. Corp.*,
    993 F. Supp. 2d 229, 232 (E.D.N.Y. 2013) ....................................................15

*General Tel. Co. v. Falcon,*
    457 U.S. 147 (2013) ........................................................................................15

*Grieve v. Tamerin,*
    269 F.3d 149, 152 (2d Cir. 2001) ....................................................................12

*In re Initial Public Offerings Sec. Litig.,*
    471 F.3d 24, 42 (2d Cir. 2006) ........................................................................15

*Jackson v. Foley,*
    156 F.R.D. 538, 542 (E.D.N.Y. 1994) ............................................................16

*Kamen v. Am. Tel. & Tel. Co.,*
    791 F.2d 1006, 1011 (2d Cir.1986)..................................................................10

*Kirschner v. Klemons,*
    225 F.3d 227, 235–36 (2d Cir. 2000) ..............................................................13

*Kugler v. Helfant,*
    421 U.S. 117, 124 (1975).................................................................................13

*Mac Pherson v. State St. Bank & Trust Co.*,
   452 F.Supp.2d 133, 136 (E.D.N.Y. 2006) ...........................................................................10

*Makarova v. United States,*
   201 F.3d 110, 113 (2d Cir. 2000).........................................................................................10

*Martinez v. Funsan K. Corp.*,
   2018 WL 1090188, at *3 (S.D.N.Y. Feb. 26, 2018) ...........................................................20

*Moore v. Trippe*,
   743 F. Supp. 201, 211 (S.D.N.Y. 1990) .............................................................................20

*Novella v. Westchester Cty.*,
   443 F. Supp. 2d 540, 546 (S.D.N.Y. 2006) ........................................................................16

*Reserve Solutions Inc. v. Vernaglia,*
   438 F.Supp.2d 133, 136 (S.D.N.Y. 2006) ..........................................................................10

*Robidoux v. Celani,*
   987 F.2d 931, 936 (2d Cir. 1993) .......................................................................................16

*Sanchez v. New York Catering, Corp.,*
   2018 WL 2383145 (S.D.N.Y. 2018) ..............................................................................17, 19

*Shayler v. Midtown Investigations, Ltd.*,
   2013 WL 772818, at *7 (S.D.N.Y. 2013) ...........................................................................20

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*,
   546 F.3d 196, 201–202 (2d Cir. 2008) ...............................................................................15

*Tomaino v. United States,*
   2010 WL 1005896, (E.D.N.Y. 2010)...................................................................................10

*Tsanganeo v.City Univ. of N.Y.,*
   2008 WL 4054426, at *3 (S.D.N.Y. Aug. 28, 2008) ..........................................................10

*Torres v. DeMatteo Salvage Co.*,
   34 F. Supp. 3d 286, 288 (E.D.N.Y. 2014) ..........................................................................10

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ............................................................................................................16

*Younger v. Harris,*
   401 U.S. 37, 43–44 (1971)..............................................................................10, 12, 13, 17

**Statutes**

Fed. R. Civ. P. 12(b)(1)............................................................................................10

Fed. R. Civ. P. 23................................................................................12, 14, 16, 20

Table of Contents

PRELIMINARY STATEMENT .................................................................................... 1

PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS ............................ 4

ARGUMENT ........................................................................................................ 6

I.       An Ongoing and Active Investigation by the New York State Department of Labor Warrants Abstention and Dismissal as to all Alleged New York Labor Law Claims at Grimaldi's Brooklyn. .................................................. 6

II.     Legal Standard for Rule 23 Class Certification ................................... 11

III.    Plaintiffs' Lack Numerosity ............................................................ 12

      A.     Plaintiffs Who Worked Exclusively For Grimaldi's Brooklyn Should Be Excluded From This Litigation Due To Ongoing State Proceedings. ...................................................................... 13

      B.     Inaccuracies Contained in Plaintiffs' Class List Should Be Excluded From Plaintiffs' Numerosity Requirements ............................... 14

      C.     Plaintiffs' Have Impermissibly Attempted to Expand Litigation By Including Kitchen Staff Employees ........................................ 14

      D.     Former Employees Of Grimaldi's Defunct Second Avenue Should Likewise Be Excluded Because that Entity is not a Party to this Litigation. ...................................................................... 15

      E.     Plaintiffs' Have Only Identified Thirty-Two (32) Potential Plaintiffs' And Therefore Lack Numerosity Under Rule 23 ...................... 16

IV.    Current and Former Employees of Douglaston Should Likewise Be Excluded Because that Entity is not a Party to this Litigation. ............................. 17

V.     Commonality, Typicality and Adequacy. ............................................ 18

CONCLUSION ....................................................................................................... 18

## PRELIMINARY STATEMENT

Class wide adjudication of claims under F.R.C.P. 23 is the exception, not the rule, as courts are often presented with a variety of facts and circumstances that preclude its proper usage.  Here, even in the midst of fact discovery where Defendants have yet to take critical party and non-party depositions, fatal flaws are manifest and mandate denial of the relief sought by Plaintiffs Yaser Omar, Emmanuel Garcia and Charlie Garcia (collectively, "Plaintiffs").

At the outset, a portion of Plaintiffs' New York Labor Law ("NYLL") claims must be severed off and dismissed with prejudice pursuant F.R.C.P. 12(b)(1) under the principles set forth in the *Younger* abstention doctrine.  Specifically, the New York State Department of Labor ("NYS DoL") is presently engaged in a full investigation of all wage and hour practices that will remedy any and all alleged violations on behalf of current and former employees at the Brooklyn Grimalidi's location, known in the caption as 1 Front Street Grimaldi, Inc. d/b/a Grimaldi's Pizzeria and Dumbo Restaurant Corp. d/b/a Grimaldi's Pizzeria[1] (collectively, "Grimaldi's Brooklyn").  Indeed, the NYS DoL is fully aware of this litigation and its designs of class wide resolution but is pressing on because, in the language of *Younger*, it is pursuing a compelling state interest. Because this investigation will fully remedy all NYLL wage and hour violations (including, but not limited to, overtime, minimum wage, failure to provide notices and spread of hours), this Court must abstain and decline to exercise supplemental jurisdiction over these claims at Grimaldi's Brooklyn.  To allow these claims to proceed will result in duplicative and possibly inconsistent prosecution of those claims, resulting in confusion to class members, threatening the prospect of inconsistent results and wasting judicial and litigant resources.

---

[1] 1 Front Street Grimaldi, Inc. is the alleged predecessor entity of Dumbo Restaurant Corp., which operates at the same location.

Assuming abstention, Plaintiffs fail to meet the most basic F.R.C.P. 23 requirement, numerosity.  As described in a detailed accounting herein and in the supporting Affidavit of Robert Tarzia and the Declaration of Scott Green, Plaintiffs can muster only thirty-two potential class members, inclusive of those named Plaintiffs and seven opt-ins that joined following conditional class certification.  In order to bolster their numbers, Plaintiffs attempt to roll into the proposed class kitchen staff.  This attempted 11th hour addition is impermissible:  Plaintiffs' operative Third Amended Complaint (as well as predecessor pleadings) makes no reference of kitchen or other back of the house staff in their class definition.  Additionally, there are no allegations anywhere in the Third Amended Complaint about this group of employees or what wage and hour violations they may or may not have encountered.  They are not and never have been part of this claim.

Incredibly, Plaintiffs seek to certify a class of individuals who never worked for any of the corporate entities in the caption, but rather worked at other locations operated by other corporate entities that, have never been, as still are not, even mentioned anywhere by their proper corporate name.  Plaintiffs attempt to perform this sleight of hand by asking the Court in the Notice of Motion and on page one of their Memorandum of Law to certify a class of "all individuals employed by Defendants at any of the New York City Grimaldi's locations …" Not until pages 2 and 3 of Plaintiffs' Memorandum of Law in Support of this motion do we arrive at an actual definition of "the New York City Grimaldi's locations."  There, we are told for the first time that the proposed class includes not only the three locations referenced in the caption, but two other locations:  the defunct Second Avenue location and a location in Douglaston, Queens.  These entities are non-parties and have no place in this motion or in this case generally unless or until an action is commenced against them.  As such, and particularly whereas these two

2

locations are unrepresented, no relief can be granted against them unless and until there is proper notice of a claim and those allegations have been answered. Particularly as to Douglaston, there is no testimony in this case that any wage and hour violations have occurred there whatsoever. As the Second Avenue and Douglaston locations are simply not part of this case in the most fundamental sense, they and their employees must be excluded from this case and any class arising therefrom.

Given that this case is in the midst of critical fact discovery, Defendants reserve the right to challenge other F.R.C.P. 23 requirements including commonality and typicality.  Once discovery is complete, Defendants are confident that, to the extent certification of a Rule 23 class is granted, decertification is likely.

Denial of Plaintiffs' motion and a grant of Defendants' motion will not prejudice Plaintiffs or any potential class members, but will merely serve to avoid needless duplication of efforts, avoid confusion and preserve litigant and judicial resources.  Considering numerosity only and reserving all other challenges to class certification, the universe of "legitimate" potential class members is less than forty.  There is no cause to overcome the forty member threshold requirement because:  (1) conditional class certification has already put class members on notice, resulting in a number of opt-ins; (2) the members of the potential class are concentrated in Manhattan and Brooklyn; (3) each class member, to the extent that they worked for Grimaldi's for any appreciable amount of time, has a potential claim large enough to prosecute individually; and (4) even individually prosecuted claims are attractive to the dozens of plaintiffs' attorneys specializing in wage and hour litigation in the NYC Metro Area on account of entitlement to statutory attorney's fees.

Accordingly, the facts here make it plain that a Rule 23 class is not a superior or even viable method of adjudicating this matter.  Denial of this motion will serve the best interests of all concerned and will halt uncalled for expansion of this ligation to entities that have never been put on notice of any pending claims. Moreover, granting of Defendants' Motion to Dismiss will allow the NYS DoL to carry out its important state function by resolving all NYLL claims alleged with respect to Grimaldi's Brooklyn.

## PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

On October 18, 2016 Plaintiffs' Yaser Omar, Emmanuel Garcia, and Charles Garcia, individually and on behalf of others, commenced this action in the United States District Court for the Eastern District of New York.  Almost immediately upon its inception in October and November of 2016, five individuals filed opt-in consent forms pursuant the federal Fair Labor Standards Act, 29 U.S.C. § 216(b).  *See* Doc. Nos 5-8, 10.  Approximately one month later, this Court "so ordered" a conditional collective action and approved a "notice of lawsuit with opportunity to join" and the "consent to become a party plaintiff" (collectively the "Notices") to be mailed to putative class members.  *See* Doc. No. 23.  Over a year and a half after Plaintiffs' counsel mailed the Notices, only two additional individuals have opted-in to this litigation.  *See* Doc. Nos 24, 26.  Currently this matter is comprised of seven opt-in Plaintiffs, in addition to the three named Plaintiffs.  Of these opt-ins, none worked exclusively at Grimaldi's Brooklyn.  *See* Exhibit 14 to the Declaration of Brent E. Pelton, Esq., dated June 29, 2018, Doc. No. 53 ("Plaintiffs' Exhibit 14").  With the notable exception of Klajde Shyti who worked exclusively at the Coney Island Location, all named plaintiffs and opt-ins share the common experience of having worked at Sixth Avenue Grimaldi, Inc. d/b/a Grimaldi's Pizzeria, located on Sixth Avenue in Manhattan.  *See* Plaintiff Exhibit 14 at Doc. No. 53.

4

In March of 2018, the New York State Department of Labor ("NYS DoL") renewed an investigation into Grimaldi's Brooklyn. *See* the Declaration of Scott Green at ¶¶ 7-9. A NYS DoL Labor Standards Investigator, Ms. Joannie Padilla, has spearheaded this ongoing investigation. *Id.* Ms. Padilla, having reviewed Grimaldi's Brooklyn records, is currently in the midst of completing an audit of any NYLL violations pertaining to employees working exclusively at Grimaldi's Brooklyn. *Id.* Indeed, the NYS DoL investigations of Grimaldi's Brooklyn began several years ago, in 2014. *Id.* at ¶ 6. In 2016, the NYS DoL found the Grimaldi's Brooklyn in violation of New York's minimum wage and overtime laws. *See* Exhibit 16 to the Declaration of Brent E. Pelton, Esq., dated June 29, 2018, Doc. No. 53 ("Plaintiffs' Exhibit 16"). As a result, the NYS DoL requested Grimaldi's Brooklyn pay out nearly $158,235.58 to its employees in back wages, liquidated damages, and fees. *Id.* Currently, the NYS DoL is again conducting an investigation into Grimaldi's Brooklyn. *See* the Declaration of Scott Green at ¶¶ 7-9.

In the midst of fact discovery, Plaintiffs filed their Third Amended Complaint on May 9, 2018 and Defendants' timely Answered on June 29, 2018. *See* Doc. Nos. 44, 50. Introduced into the Third Amended Complaint was Dumbo Restaurant Corp. and 1215 Surf Ave. Restaurant Corp. *See* Doc. Nos. 1, 29, 44. Critically, the pleadings never identified as Defendants the Grimaldi Pizzeria located at 462 Second Avenue, New York, NY 10016 ("Second Avenue") or 242-02 61st Avenue Douglaston NY 11362 ("Douglaston"). In all three complaints, the Plaintiffs have defined the NYLL class as:

> [a]ll individuals employed by Defendants in New York at any time since October 18, 2010 and throughout the entry of judgment in this case (the "Class Period") who were employed as wait staff, busboys, and counter employees (the "Class Members") *See* Doc. Nos. 1, 29, 44.

This class definition has not changed since the filing of the Original Complaint dated October 18, 2016.  Accordingly, the class definition in any amended pleading does not include "back of the house" employees generally or kitchen staff specifically.

Presently, *at least* three crucial depositions remain:  Defendants have not yet deposed named Plaintiff Yaser Omar or the two individual declarants, non-party Daniel Taormina and opt-in Klajdi Shyti, whose testimony forms the backbone of this motion now before the Court. Relying principally on this yet unrefuted testimony, Plaintiffs now move this court for class certification of all NYLL claims pursuant to F.R.C.P 23. *See* Doc. Nos. 51-53.  This premature effort nevertheless fails under the weight of several incurable defects.  Pursuant to Your Honor's order dated August 17, 2018, Defendants' submit this Opposition to Class Certification in conjunction with its Motion To Dismiss pursuant to F.R.C.P. 12(b)(1) of all NYLL claims alleged against Grimaldi's Brooklyn.

## ARGUMENT

### I.      An Ongoing and Active Investigation by the New York State Department of Labor Warrants Abstention and Dismissal as to all Alleged New York Labor Law Claims at Grimaldi's Brooklyn.

Defendants respectfully request that the Court decline subject matter jurisdiction under the *Younger* abstention doctrine and dismiss all pending NYLL Claims relative to Grimaldi's Brooklyn, dismissing such claims with prejudice pursuant to F.R.C.P. 12(b)(1).  A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).  In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff asserting subject matter jurisdiction has the burden of proof of establishing the court has subject matter jurisdiction. *Mac Pherson v. State St. Bank & Trust Co.,* 452 F.Supp.2d 133, 136 (E.D.N.Y. 2006) (quoting *Reserve Solutions Inc.*

*v. Vernaglia,* 438 F.Supp.2d 133, 136 (S.D.N.Y. 2006)), *affid,* 273 Fed. Appx. 61 (2008); *accord Tomaino v. United States,* No. 09-cv-1578(CBA(LB), 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010). "On a Rule 12(b)(1) motion, the court may consider matters outside the pleadings, including affidavits, documents, and testimony if necessary." *Tsanganeo v.bCity Univ. of N.Y.,* No. 06 Civ. 15366(DAB)(JCF), 2008 WL 4054426, at *3 (S.D.N.Y. Aug. 28, 2008) (citing *Kamen v. Am. Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986)), *report and recommendation adopted,* 2008 WL 4548857 (S.D.N.Y. Oct. 8, 2008); *see also Torres v. DeMatteo Salvage Co.*, 34 F. Supp. 3d 286, 288 (E.D.N.Y. 2014). As set forth below, Plaintiffs cannot meet their burden, thereby mandating abstention and dismissal.

The facts and circumstances present a textbook case for abstention. The New York Department of Labor ("NYS DoL") began its investigation of Grimaldi's Brooklyn several years ago, starting in 2014. In 2016, the NYS DoL found the Grimaldi's Brooklyn in violation of New York's minimum wage and overtime laws. As a result, the NYS DoL requested Defendants pay out $158,235.58 to its employees in back wages, liquidated damages, and fees. *See* Plaintiff Exhibit 16 at Doc. No. 53. Following this investigation, the NYS DoL revisited Grimaldi's Brooklyn in 2018 and is currently in the process of – again – inspecting its' wage and hour practices. *See* Declaration of Scott Green at ¶ 6-10.

Indeed, on March 16, 2018 the NYS DoL Labor Standards Investigator, Ms. Padilla, inspected wage and hour records of employees at Grimaldi's Brooklyn. *See* Declaration of Scott Green at ¶¶ 6-10 and exhibits annexed thereto. Following Ms. Padilla' s inspection, she further requested all relevant documents with respect to the class action claims pending in federal court. *Id.* One week ago, on August 24, 2018, Ms. Padilla advised that the NYS DoL investigation is "still in progress," and "[a]s these audits take time, we will contact you and/or your client if

anything else is needed." *Id.* Critically, Ms. Padilla further requested any additional information regarding employees who opt-in to this potential class action "immediately as it changes the course of the investigation." *Id.* As indicated in the correspondences the NYS DoL has insisted on proceeding with its investigation into the wage and hour practices at Grimaldi's Brooklyn. *See Id.* Grimaldi's Brooklyn, in turn, has complied with all aspects of this pending NYS DoL investigation by, *inter alia,* providing wage and hour records and advising the NYS DoL representative of this pending litigation.

In light of this ongoing investigation, this Court should defer its jurisdiction over Plaintiffs' claims relative to wage and hour practices at Grimaldi's Brooklyn. Indeed, Rule 23 seeks certification on purely state law claims, which are already properly before the NYS DoL, a public enforcement agency whose function is to enforce the NYLL and obtain unpaid wages for New York State workers.

*Younger* abstention generally requires federal courts to abstain from exercising jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings. *Younger v. Harris,* 401 U.S. 37, 43–44 (1971). Although the *Younger* abstention doctrine was born in the context of state criminal proceedings, it applies with equal force to state administrative proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.,* 477 U.S. 619, 627 (1986). This doctrine of federal abstention rests foursquare on the notion that, in the ordinary course, "a state proceeding provides an adequate forum for the vindication of federal constitutional rights." *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994), *cert. denied*, 513 U.S. 985 (1994) (citing *Kugler v. Helfant,* 421 U.S. 117, 124 (1975)). Therefore, giving the respect to our co-equal sovereigns that principles of "Our Federalism" demand, we generally prohibit

federal courts from intervening in such matters. *Younger,* 401 U.S. at 44; *see also Cullen,* 18 F.3d at 103.

*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims. *Grieve v. Tamerin,* 269 F.3d 149, 152 (2d Cir. 2001). Despite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 54. However, a plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies. *See Kirschner v. Klemons,* 225 F.3d 227, 235–36 (2d Cir. 2000).

Abstention is appropriate in this case, because all three of the *Younger* conditions are fully satisfied. First, as noted above there is an ongoing and active state proceeding wherein the NYS DoL is investigating the wage and hour practices of Grimaldi's Brooklyn. *See* Declaration of Scott Green at ¶¶ 6-10. This investigation is unbounded by claim or category of employees, etc. and has the potential to uncover and remedy each and every alleged NYLL violation of which Plaintiffs complain. *See* Plaintiff's MoL at 1-2. Second, the Court of Appeals of the Second Circuit has already held that there is an important state interest in having the New York Department of Labor investigate and adjudicate reports of wage and hour violations. *See Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). In fact, the court specifically explained, "[f]ederal interference with state proceedings, because it necessarily presumes that state court review will be inadequate, affronts the dignity of the state sovereign." *Id.* at 200. These well-established principles weigh heavily in favor of abstention.

As in *Diamond "D" Const. Corp.*, current and former employees at Grimaldi's Brooklyn will have a more than adequate review of their state and federal claims.  Indeed, the NYS DoL is thoroughly exploring Plaintiffs' claims regarding the wage and hour practices of Grimaldi's Brooklyn, including possible minimum wage and overtime violations. *See* Declaration of Scott Green at ¶¶ 6-10.  There is simply nothing those current and potential Plaintiffs or class members could even attempt to recover in this litigation, which would not be available to them via the NYS DoL.  In fact, the New York State Statute of Limitations available to Plaintiffs is a six-year period, whereas the statute of limitations for wage and hour claims under federal jurisdiction only encompasses a three-year period.

Class wide adjudication of the NYLL claims alleged at Grimaldi's Brooklyn would serve class members poorly when compared to exclusive control over these matters by the NYS DoL.  If abstention is rejected and class wide adjudication permitted to proceed, class members will rely solely on class representatives to prosecute their claims.  This disconnected and detached advocacy is contrasted with the NYS DoL, which generally commits to in person interviews of claimants and individualized calculation of damages by dedicated investigators.  Additionally, the NYS DoL will seek no fee for their services and will be guided only by a singular objective, to collect unpaid wages and assess penalties.  Their rights will not be subverted to that of named parties or collective action opt-ins.

As stated above, the NYS DoL is committed to proceed notwithstanding their knowledge of this action and its potential to adjudicate all claims on behalf of current and former employees at Grimaldi's Brooklyn. *See* Declaration of Scott Green at ¶¶ 6-10.  If Defendants' application is denied and this group is included in the Rule 23 class, class members will be left confused by two overlapping efforts from different groups seeking to adjudicate the same claims.  This class

will be poorly served by this unnecessarily doubled effort and judicial resources will inevitably be wasted in the ensuing confusion by those coming forward in an attempt to understand how to proceed.  Confusion will potentially be deepened by, for example, divergent timelines and methods between litigation and NYS DoL investigation and/or inconsistent findings and damage calculations in the two proceedings.  Secondarily, Defendants will unreasonably be called upon to defend the same controversy in two different forums.  Nothing will be gained by this and only harm can result.  Accordingly, there can be no debate that a Rule 23 class is not a superior vehicle to adjudicate NYLL claims alleged at Grimaldi's Brooklyn.

In light of the foregoing, Defendants respectfully request that this Court decline supplemental jurisdiction of all NYLL claims alleged with respect to Grimaldi's Brooklyn.  In the alternative, Defendants request a stay of all class action proceedings to avoid the harms referenced above.

## II.      Legal Standard for Rule 23 Class Certification

This Court should deny Plaintiffs' motion for class certification because Plaintiffs' have failed to satisfy their *prima facie* burden.   In determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of numerosity, commonality, typicality, and adequacy pursuant to the Federal Rules of Civil Procedure 23(a).  Fed. R. Civ. P. 23; *Enriquez v. Cherry Hill Mkt. Corp.*, 993 F. Supp. 2d 229, 232 (E.D.N.Y. 2013) (quoting *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 201–202 (2d Cir. 2008).  A district court may then consider granting class certification where it "finds that the question of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

11

Fed.R.Civ.P. 23(b)(3); *Teamsters Local 445 Freight Div. Pension Fund,* 546 F.3d 196 at 202 (2d. Cir. 2008). The Second Circuit requires a "rigorous analysis" to determine "that **every** Rule 23 requirement" is met before certifying a class." *In re Initial Public Offerings Sec. Litig.,* 471 F.3d 24, 42 (2d Cir. 2006)(emphasis added)(quoting *General Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L.Ed.ed 417 (2013); *see also Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 234, 133 S. Ct. 2304, 2310, 186 L. Ed. 2d 417 (2013) ("[t]he Rule imposes stringent requirements for certification that in practice exclude most claims.")

At the outset, it is important to recall that class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. In order to justify a departure from that rule, a class representative must be part of the class, possess the same interest, and suffer the same injury as the class members. Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348, 131 S. Ct. 2541, 2550, 180 L. Ed. 2d 374 (2011). Plaintiffs' claims in this matter should properly be addressed to the court on an individual basis and this Court should deny Plaintiffs' class certification motion.

### III.   Plaintiffs' Lack Numerosity

This Court should deny Plaintiffs' motion for class certification because Plaintiffs' class consists of only thirty-two potential class members. Numerosity is presumed for classes with forty or more members. *Consolidated Rail Corp. v.Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Fewer than twenty-one members dooms a putative class. *Novella v. Westchester Cty.*, 443 F. Supp. 2d 540, 546 (S.D.N.Y. 2006); *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y 1998)(denying certification to a class of 35); *see also Abdul-Malik v. Coombe*, 96-cv-01021, 1996 WL 706914, at *1 (S.D.N.Y. Dec. 6, 1996)("practicability [of joinder] does not

depend on mere numbers"). In deciding cases falling into the gray area between 21 and 40 class members, courts must consider factors other than class size. *See Jackson v. Foley*, 156 F.R.D. 538, 542 (E.D.N.Y. 1994). Such factor include: "(1) the judicial economy that will arise from avoiding multiple actions; (2) the geographic dispersion of members in the proposed class; (3) the financial resources of those members; (4) the ability of the members to file individual suits; and (5) requests for prospective relief that may have an effect on future class members." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993); *see also Sanchez v. New York Catering, Corp.,* 2018 WL 2383145 (S.D.N.Y. 2018).

Ultimately, Plaintiffs' "class list" identifies thirty-two potential plaintiffs and thus fails to satisfy the numerosity requirement of Rule 23.

### A.   Plaintiffs Who Worked Exclusively For Grimaldi's Brooklyn Should Be Excluded From This Litigation Due To Ongoing State Proceedings.

First, as detailed above, this Court should decline to exercise supplemental jurisdiction over all NYLL claims pertaining to Plaintiffs' working exclusively at Grimaldi's Brooklyn pursuant to *Younger* abstention doctrine. The NYS DoL's investigation can uncover and remedy each and every alleged NYLL violation of which Plaintiffs complain. Indeed, Rule 23 seeks certification on purely state law claims, including failure to provide wage notices and wage statements accruing on or after October 18, 2010. In light of this ongoing investigation, this Court should defer its jurisdiction over Plaintiffs' claims relative to wage and hour practices at Grimaldi's Brooklyn Location. Accordingly, out of the eighty-four potential class members cited by Plaintiffs, twenty-seven worked exclusively at Grimaldi's Brooklyn, leaving fifty-seven potential class members. *See* Plaintiff Exhibit 14 at Doc. No. 53.

**B.      Inaccuracies Contained in Plaintiffs' Class List Should Be Excluded From Plaintiffs' Numerosity Requirements**

The Court should also exclude from its numerosity consideration the inaccuracies contained in Plaintiffs' "class list."  *See* Affidavit of Robert Tarzia, ("Tarzia Affidavit") dated August 29, 2018, annexed to the Declaration of Scott Green as Exhibit B.  As fully discussed in the Affidavit of Robert Tarzia sixteen individuals named in the "class list" are either duplicative or in fact a business.  Indeed, co-workers often referred to each other by nicknames.  *Id.* at ¶ 2. As way of an example, colleagues often referred to Adan Miquel as "Angelo" or Rinaldo Rios as simply "Reynoldo."  Plaintiffs' "class list" is inaccurate as it lists both an employee and his or her nickname as separate and distinct individuals.  *Id.* at ¶ 11.  Additionally, some of the names contained in the "class list" actually refer to third party vendors or businesses.  "Delbi," for example, actually refers to a deli frequently utilized by Grimaldi's employees operating out of Grimaldi's Pizzeria located at 656 6th Avenue New York, NY 10011. *Id.* at ¶ 17.  Likewise, "Pride" is actually an exterminator utilized by the Defendants.  *Id.* at ¶ 16.  After carefully consideration, Mr. Tarzia has identified a total of sixteen duplicative names and/or businesses, eleven of which did not work exclusively at Grimaldi's Brooklyn.  The Court should, therefore, not consider an additional eleven potential class members when determining whether Plaintiffs have met their numerosity requirements.  *Id.* at ¶ 2.  Accordingly, out of the remaining fifty-seven potential class members, forty-six remain.

**C.      Plaintiffs' Have Impermissibly Attempted to Expand Litigation By Including Kitchen Staff Employees**

The Court should also exclude any individual employed as a kitchen staff member from this litigation.  Plaintiffs' have clearly defined the class as **wait staff**, **busboys**, and **counter employees**, in all relevant pleadings.  *See* Third Amended Complaint, dated May 9, 2018, Doc.

No. 44 at ¶¶ 23 & 26 (emphasis added). Plaintiffs' now, in an attempt to satisfy numerosity requirements, have impermissibly attempted to expand this litigation by including an entirely new category of employees, mainly the kitchen staff. *See Id*. Fatally, kitchen staff employees are not included in the class definition of the Third Amended Complaint or any prior pleadings. As such, there are no allegations of violations as to the kitchen staff members. Plaintiffs' cannot rewrite the pleadings in this matter in a futile attempt to meet the numerosity requirements. Thus, the Court should exclude all members listed as "kitchen" in Plaintiffs' "class list." Moreover, the Court should likewise exclude members with "unconfirmed job titles," and identified in the Robert Tarzia affidavit as kitchen staff members. *See* Tarzia Affidavit at ¶ 18. In sum, Plaintiffs' have attempted to bring into the litigation twenty-six individuals not included in this litigation, twelve of which who have not already been excluded based on the above. Accordingly, out of the remaining forty-six potential class members, thirty-four remain.

> **D.     Former Employees Of Grimaldi's Defunct Second Avenue Should Likewise Be Excluded Because that Entity is not a Party to this Litigation.**

Incredibly, Plaintiffs attempt to embroil a class of individuals who never worked for any of the corporate entities in the caption by impermissibly including individuals working exclusively out of the Grimaldi's located at 462 Second Avenue, New York 10016 ("Grimaldi's Second Avenue"). Plaintiffs' have – again – attempted to broaden the scope of this litigation by impermissibly including an entirely new location never listed as a defendant in any of Plaintiffs three complaints. *See* Doc. Nos. 1, 29, 44. Accordingly, the "class list" should also exclude the two individuals who worked exclusively at the Grimaldi's Second Avenue. This leaves thirty-two potential class members.

15

E.    **Plaintiffs' Have Only Identified Thirty-Two (32) Potential Plaintiffs'
And Therefore Lack Numerosity Under Rule 23**

Pursuant to the forgoing, Plaintiffs' can only identified thirty-two (32) potential class

members. Efforts to allege the existence of additional potential members is nothing more than an

exercise pure speculation. Accordingly, class certification must be denied.

Critically, this is Plaintiffs' second effort to advise the class of this action. As a result of

the grant of conditional class certification, seven (7) individuals have opted to join this case.

Case law has held that, the fact that potential class members have previously had the right to opt-

in weighs against class adjudication. *See Sanchez v. New York Kinichi Catering Corp.,* 16-cv-

07784, 2018 WL 2383145 at * 3-4 (S.D.N.Y. 2018)(denying class certification on the basis

potential class members had the opportunity to opt-in but failed to so and subsequent class

treatment is not appropriate.). Here, the fact that the collective action process has already

transpired weighs against class wide adjudication under Rule 23.

Even if the Court were to engage into an analysis of certifying a class below the

presumptive number of forty (40) it will ultimately come to the conclusion numerosity in this

case has not been met. First, the entire class is localized within the boroughs of New York City

(i.e. Manhattan and Brooklyn). On this basis alone, the limited geographical dispersion of

potential plaintiffs further solidifies the notion that this Court should not certify this class.

*Martinez v. Funsan K. Corp.*, No. 16CV5828, 2018 WL 1090188, at *3 (S.D.N.Y. Feb. 26,

2018)(finding it "doubtful that the class is geographically dispersed, as all potential class

members worked for the same Manhattan liquor stores); *Shayler v. Midtown Investigations, Ltd.*,

No. 12 CIV. 4685 KBF, 2013 WL 772818, at *7 (S.D.N.Y. 2013)(finding potential class

members as not disperse as they all live in the New York area); *Moore v. Trippe*, 743 F. Supp.

201, 211 (S.D.N.Y. 1990)(denying class certification in part because all members live in the

New York area).  Second, as it pertains to the financial resources of individual members, fee-shifting statutes will ensure counsels are incentivized to take on individual plaintiffs' claims. Moreover, each individual claims is large enough for potential plaintiffs' to seek redress individually.  For instance, one potential plaintiff would already be seeking at least ten-thousand dollars ($10,000.00) in alleged wage theft protection violations.  The following would be in addition to any back wages and liquidated damages claims.  Accordingly, this Court should deny plaintiffs' class certification motion as the numerosity requirement has not been met.  Here, potential plaintiffs' are localized within the boroughs of New York City and each Plaintiff can seek redress on their individual claims.

> ### IV. Current and Former Employees of Douglaston Should Likewise Be Excluded Because that Entity is not a Party to this Litigation.

Incredibly, Plaintiffs attempt to embroil a class of individuals who never worked for any of the corporate entities in the caption.  Specifically, Grimaldi's Pizzeria located in 242-02 61st Avenue, Douglaston, NY 11362 ("Douglaston") has never been mentioned anywhere by its proper corporate name.  Plaintiffs' 11th hour attempt to entangle Douglaston employees by asking the Court on the first page of their Memorandum of Law to certify a class of "all individuals employed by Defendants at any of the New York City Grimaldi's locations …"  is plainly insufficient.  Critically, it is not until pages 2 and 3 of Plaintiffs' Memorandum of Law in Support of this motion do we arrive at an actual definition of "the New York City Grimaldi's locations."  There, we are told, for the first time that the proposed class includes not only the three locations referenced in the caption, but also Douglaston who is not, and has never been a party to this litigation.  Douglaston simply has no place in this motion specifically or in this case generally.  As such, and particularly whereas Douglaston is unrepresented, no relief can be granted against them unless and until there is proper notice of a claim and those allegations have

been answered.  There is no testimony from any employee working out of Douglaston that any wage and hour violations have occurred there whatsoever.  Accordingly, Douglaston is simply not part of in this case in the most fundamental sense and its employees must be excluded from this case and any class arising therefrom.

### V.   Commonality, Typicality and Adequacy.

Given that this case is in the midst of critical fact discovery, Defendants reserve the right to challenge other F.R.C.P. 23 requirements including commonality, typicality and adequacy of representation.   Once discovery is complete, Defendants are confident that, to the extent certification of a Rule 23 class is granted, decertification is likely.

### CONCLUSION

For all of the foregoing reasons and based upon the authorities cited herein, this Court should grant Plaintiffs' motion to dismiss in its entirety, and deny Plaintiffs' motion for class certification and award Defendants such other and further relief as this Court deems just, proper and equitable under the circumstances.

Dated: New York, New York
August 31, 2018

RIVKIN RADLER LLP
*Attorneys for Plaintiffs*

By:  _/s/_____
Scott R. Green, Esq.
Keegan B. Sapp, Esq.
RIVKIN RADLER LLP
*Attorneys for Defendants*
926 RXR Plaza
Uniondale, NY 11556-0111
Tel: (516) 357-3000
Fax: (516) 357-3333
Email: Scott.Green@rivkin.com

4100676 - 1

18