UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YASER OMAR, EMMANUEL GARCIA, and
CHARLIE GARCIA, Individually and On
Behalf of All Others Similarly Situated,

                          Plaintiffs,         Index No.:
              -against-                            1:16-cv-05824 (LDH) (CLP)

1 FRONT STREET GRIMALDI, INC. d/b/a
GRIMALDI'S PIZZERIA, DUMBO
RESTAURANT CORP. d/b/a GRIMALDI'S
PIZZERIA, SIXTH AVENUE GRIMALDI,
INC. d/b/a GRIMALDI's PIZZERIA, 1215
SURF AVE. RESTAURANT CORP. d/b/a
GRIMALDI'S PIZZERIA, and FRANK
CIOLLI, Jointly and Severally,

                          Defendants.
-------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT WITH RESPECT TO SUCH ALLEGED VIOLATIONS AT THE GRIMALDI'S BROOKLYN <u>LOCATION</u>

                                                  Scott R. Green, Esq.
                                                  Keegan B. Sapp, Esq.
                                                  RIVKIN RADLER LLP
                                                  *Attorneys for Defendants*
                                                  926 RXR Plaza
                                                  Uniondale, NY 11556-0111
                                                  Tel: (516) 357-3000
                                                  Fax: (516) 357-3333
                                                  Email: Scott.Green@rivkin.com

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT .............................................................................................................................. 1

    I.    PLAINTIFF'S FAILURE TO OPPOSE YOUNGER ABSTENTION PRINCIPLES RAISED BY DEFENDANTS WARRANTS DISMISSAL OF THOSE CLAIMS ............................................................................................... 1

        A.    The Plaintiffs' Reliance On *Akwesi v. Uptown Lube* Is Misguided ............ 1

        B.    A Federal Court Would Interfere With An Ongoing NYSDoL investigation. ............................................................................................... 3

CONCLUSION ........................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akwesi v. Uptown Lube & C/W, Inc.,*
　No. 07 Civ. 335 (NRB), 2007 U.S. Dist. LEXIS 89605 (S.D.N.Y. 2007). .......................... 1, 2

*Davis v. Lansing,*
　851 F.2d 72, 77 (2d Cir.1988)....................................................................................... 3

*Pondolfino v. New York State & Local Ret. Sys.*,
　No. 3:10-CV-00749, 2010 U.S. Dist. LEXIS 107230 (N.D.N.Y. 2010). ................................. 2

*Schachter v. Whalen,*
　445 F. Supp. 1376 (S.D.N.Y. 1978)..................................................................................... 3

*Spargo v. New York State Comm'n on Judicial Conduct,*
　351 F.3d 65, 74 (2d Cir. 2003)............................................................................................ 3

*Younger v. Harris,*
　401 U.S. 37, 43, 91 S. Ct. 746, 750, 27 L. Ed. 2d (1971)........................................................ 3

## ARGUMENT

I. **PLAINTIFF'S FAILURE TO OPPOSE YOUNGER ABSTENTION PRINCIPLES RAISED BY DEFENDANTS WARRANTS DISMISSAL OF THOSE CLAIMS**

   A. **The Plaintiffs' Reliance On *Akwesi v. Uptown Lube* Is Misguided**

Here, Plaintiffs' reliance upon *Akwesi v. Uptown Lube* is misplaced and easily distinguishable to the case at hand. While the court in *Akwesi* rejected abstention under *Younger* principles, it did so because the New York State Department of Labor ("NYS DoL") was not currently investigating Uptown Lube & C/W, Inc., ("Uptown Lube"). *Akwesi v. Uptown Lube & C/W, Inc.,* No. 07 Civ. 335 (NRB), 2007 U.S. Dist. LEXIS 89605, at *14 (S.D.N.Y. Dec. 3, 2007). In contrast, The NYS DoL is currently investigating Grimaldi Brooklyn's wage and hour practices.

First, the factual predicate relied upon in *Akwesi* is not comparable to this case. There, the NYS DoL began its investigation into the wage and hour practices of defendant Uptown Lube in July of 2005. *Id.* In March of 2006, the NYS DoL issued a "Final Report" and determined Uptown Lube failed to pay a spread of hours for the period of October 2003 to November 2005. *Id.* Hereafter, Uptown Lube remained in business for another six months after the NYS DoL issued its "Final Report" and closed its doors on or around October of 2006. *Id.* Former employees of Uptown Lube then sued in federal court for the period between March 2006 and October 2006 – for the six month period after the conclusion of the NYS DoL investigation and before Uptown Lube closed its doors. *Id.* On these facts, *Akwesi* is inapposite to the case at hand. Unlike in *Akwesi* where the NYS DoL concluded its investigation – the NYS DoL is currently investigating Grimaldi Brooklyn.

The factual differences in Akwesi resulted in a court holding that is inapplicable to this case. Akwesi held that abstention under *Younger* is not applicable where there is merely the possibility or anticipation of a NYS DoL investigation. *Id*. The court specifically opined that:

> "[w]hile [the Plaintiffs attorney's] communications may result in NYS DOL re-opening its investigation, [the Plaintiff's attorney] maintains that NYS DOL has not in fact done so, and that plaintiffs' claims are only being litigated in this Court. Thus under these circumstances, it would be inappropriate to abstain."
>
> *Id*. at *16

Clearly, it was important for the Court in *Akwesi* to determine – and specify – that the Plaintiffs' claims are only being litigated in federal court. Here, the NYS DoL and this Court are litigating Grimaldi Brooklyn's wage and hour practices. Accordingly, this Court should abstain from exercising jurisdiction over Plaintiffs working out of Grimaldi Brooklyn in light of the NYS DoL's investigation which runs in parallel.

Finally, the Plaintiffs appear to confuse the issues addressed by the *Akwesi* court when they quote: "it [is] unlikely that defendant can assert **preclusion** on the basis of, the NYS DOL investigation." *See* Plaintiffs' Brief §I(B) ¶2 (emphasis added). Although this quote appears in Plaintiffs' *Younger* analysis, it actually appears in the *Akwesi* opinion relative to the preclusive effect of prior NYS DoL investigations. *See Uptown Lube,* 2007 U.S. Dist. LEXIS 89605, at *13. Indeed, preclusion has nothing to do with the *Younger* abstention principles, and everything to do with preventing a plaintiff from re-litigating claims addressed by a prior NYS DoL investigation – which is not the case here. Here, this Court should abstain from exercising

2

jurisdiction, not because there have been prior NYS DoL investigations, but because there is an ongoing investigation.  Likewise, as *Akwesi* does hold this Court should be precluded from litigating claims already addressed and resolved in prior NYS DoL investigations and determinations.

## B. A Federal Court Would Interfere With An Ongoing NYSDoL investigation.

Plaintiffs seem to believe *Younger* principles are only applicable in cases where a party seeks to enjoin a state proceeding.  *See* Plaintiffs' Brief §I(B) ¶ 1.  This is simply not true.  The doctrine was developed in the interest of comity and the protection of "Our Federalism," and it recognizes that "ordinarily a state proceeding provides an adequate forum for the vindication of federal constitutional rights." *Younger v. Harris,* 401 U.S. 37, 43 (1971); *Pondolfino v. New York State & Local Ret. Sys.*, No. 3:10-CV-00749, 2010 U.S. Dist. LEXIS 107230, at *14 (N.D.N.Y. Oct. 7, 2010).  Under *Younger* abstention, "federal courts should generally refrain from enjoining or **otherwise interfering in ongoing state proceeding.**  *Spargo v. New York State Comm'n on Judicial Conduct,* 351 F.3d 65, 74 (2d Cir. 2003) (emphasis added).

The *Younger* abstention doctrine "prohibits more than that narrow range of [federal] injunctions directed squarely at state proceedings themselves." *Schachter v. Whalen,* 445 F. Supp. 1376, 1382 (S.D.N.Y. 1978) *aff'd*, 581 F.2d 35 (2d Cir. 1978).  Rather the *Younger* abstention doctrine permits the state to investigate and try cases free from interference by federal courts.  *Id*.  A party does not need to seek injunctive relief for the *Younger* abstention doctrine to apply.  *Id.*  In fact, of particular importance to the *Younger* court was the need to avoid "duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Younger v. Harris,* 401 U.S. 37, 44 (1971).  The facts and circumstances here present a textbook case for abstention.

3

It is axiomatic that two concurrent proceedings seeking the same relief will inevitably interfere with each other. Meanwhile these proceedings likewise threaten to cause confusion amongst class members and drain judicial resources all in an effort to seek duplicative results that is only possible in theory. The duplication of resources in two proceedings where a single suit would be adequate is the exact reason *Younger* enunciated the abstention doctrine. *See id.* Indeed, The NYS DoL will likely prompt Grimaldi Brooklyn employees to discuss individualized damages while a class representative is simultaneously advocating for them on a class wide basis. The methods and theories utilized by the NYS DoL and the federal court are different and likely to cause confusion and diverging results and, in turn, interfere with the NYS DoL. While neither method is superior, *Younger* abstention would have this Court abstain from exercising jurisdiction, as duplication of the proceedings will inevitably interfere with each other and produce inconsistent results.

## **CONCLUSION**

For all of the foregoing reasons and based upon the authorities cited herein, this Court should grant Plaintiffs' motion to dismiss in its entirety and award Defendants such other and further relief as this Court deems just, proper and equitable under the circumstances.

Dated: New York, New York
September 21, 2018

                            RIVKIN RADLER LLP
                            *Attorneys for Plaintiffs*


By:  /s/ Scott R. Green
       Scott R. Green, Esq.
       Keegan B. Sapp, Esq.
       RIVKIN RADLER LLP
       *Attorneys for Defendants*
       926 RXR Plaza
       Uniondale, NY 11556-0111
       Tel: (516) 357-3000
       Fax: (516) 357-3333
       Email: Scott.Green@rivkin.com

4116878 - 1