## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**YASER OMAR, EMMANUEL GARCIA, and CHARLIE GARCIA, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiffs,**

-against-

**1 FRONT STREET GRIMALDI, INC. d/b/a GRIMALDI'S PIZZERIA, DUMBO RESTAURANT CORP. d/b/a GRIMALDI'S PIZZERIA, SIXTH AVENUE GRIMALDI, INC. d/b/a GRIMALDI's PIZZERIA, 1215 SURF AVE. RESTAURANT CORP. d/b/a GRIMALIDI'S PIZZERIA, and FRANK CIOLLI, Jointly and Severally,**

**Defendants.**

**16 Civ. 5824 (LDH)(CLP)**

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

**PELTON GRAHAM LLC**
Brent E. Pelton
Taylor B. Graham
Alison L. Mangiatordi
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700

*Attorneys for Plaintiffs, the FLSA Collective and Classes*

## TABLE OF CONTENTS

**Page**

Table of Authorities ...................................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT .................................................................................................................1

I.      LEGAL STANDARDS. .........................................................................................1

        A.     Motion for Reconsideration ...........................................................................1

        B.     Discretion to Stay Proceedings. ...................................................................2

II.     DEFENDANTS CANNOT JUSTIFY RECONSIDERATION............................3

        A.     The Court Did Not Overlook Critical Facts or Controlling Authority ........3

        B.     Defendants' New Arguments Must Not be Considered.................................4

CONCLUSION..............................................................................................................6

# TABLE OF AUTHORITIES

**Page**

*Acker v. Wilger*,
   2012 US Dist. LEXIS 161628, at *2-4 (S.D.N.Y. Oct. 25, 2012)............................................5

*Camreta v. Greene*,
   563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011) .......................................3

*In re CRM Holdings, Ltd. Sec. Litig.*,
   2013 US Dist LEXIS 30116, at *7-10 (S.D.N.Y. Mar. 4, 2013)..........................................4, 5

*Davidson v. Scully*,
   172 F Supp. 2d 458, 461-462 (S.D.N.Y. 2001) ...................................................................4, 5

*de los Santos v. Fingerson*,
   No. 97-CV-3972, 1998 U.S. Dist. LEXIS 17735, 1998 WL 788781, at *1 (S.D.N.Y.
   Nov. 12, 1998) .....................................................................................................................6

*Ferrand v. Credit Lyonnais*,
   292 F. Supp. 2d 518, 521-22 (S.D.N.Y. 2003), aff'd 110 F. App'x 160 (2d Cir. 2004) ..........4

*Franco v. Ideal Mortg. Bankers, Ltd.*,
   *No. 07-cv-3956 (JS)(AKT), 2017 U.S. Dist. LEXIS 186194 (E.D.N.Y. Nov. 9, 2017)* .............3

*Goldstein v. State of New York*,
   2001 U.S. Dist. LEXIS 11318, No. 00 Civ. 7463, 2001 WL 893867, at *1 (S.D.N.Y.
   Aug. 7, 2001) ......................................................................................................................4

*Holmes v. Fischer*,
   No. 09-cv-829S(F), 2013 U.S. Dist. LEXIS 87124, at *31 (W.D.N.Y. June 20, 2013) ..........2

*Indergit v. Rite Aid Corp.*,
   52 F. Supp. 3d 522, 523-24 (S.D.N.Y. 2014) .......................................................................4

*Keiser v. CDC Inv. Mgmt. Corp.*,
   2004 U.S. Dist. LEXIS 4109, No. 99 Civ. 12101 (WHP), 2004 WL 516212, at *1
   (S.D.N.Y. Mar. 17, 2004) .....................................................................................................2

*Landis v. North American Co.*,
   *299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936)* ................................................................2

*Levin v. Gallery 63 Antiques Corp.*,
   No. 04-CV-1504, 2007 U.S. Dist. LEXIS 31811, 2007 WL 1288641, at *2 (S.D.N.Y.
   Apr. 30, 2007) ......................................................................................................................3

*Lima LS PLC v. Nassau Reins. Grp. Holdings, L.P.*,
  160 F. Supp. 3d 574, 577 (S.D.N.Y. 2015) ........................................................................1, 2

*Mendell v. Gollust*,
  90 F.2d 724, 731 (2d Cir. 1990) .............................................................................................2

*Pereira v. Aetna Cas. & Surety Co. (In re Payroll Express Corp.)*,
  No. 95-CV-4385, 1997 U.S. Dist. LEXIS 12971, 1997 WL 539777, at *1 (S.D.N.Y.
  Aug. 28, 1997) aff'd, 186 F.3d 196 (2d Cir. 1999)................................................................4

*Queenie, Ltd. v. Nygard Int'l*,
  321 F.3d 282, 287 (2d Cir. 2003) ...........................................................................................5

*Quinn v. Altria Group, Inc.*,
  No. 07-cv-8783, 2008 U.S. Dist. LEXIS 62927, at *2 (S.D.N.Y. Aug. 1, 2008) ....................2

*Shrader v. CSX Transp. Inc.*,
  70 F.3d 255, 257 (2d Cir. 1995)..............................................................................................4

*Teachers Ins. & Annuity Ass'n of Am. v. Butler*,
  803 F.2d 61, 65 (2d Cir. 1986)................................................................................................4

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
  956 F.2d 1245, 1255 (2d Cir. 1992) ........................................................................................2

STATUTES, RULES AND REGULATIONS

Local Rule of the Southern and Eastern Districts of New York 6.3 ................................................2

SECONDARY SOURCES

3 Collier on Bankruptcy § 362.03[3][d] (16th ed. 2012) ...............................................................5

Plaintiffs respectfully submit this memorandum of law in opposition to Defendants' motion for reconsideration pursuant to Local Rule 6.3 of the Court's February 4, 2019 Order ("Order") denying Defendants' request for a stay of proceedings ("Motion for Reconsideration")[1].

## PRELIMINARY STATEMENT

As set forth herein, the Court issued a well-reasoned Order, denying Defendants' request for an interim stay of their deadline to object to Magistrate Judge Pollack's February 8, 2019 Report and Recommendation (the "R&R"). Contrary to Defendants' allegations in their motion, the Court did consider each aspect of Defendants' motion to stay and found that "nothing in defense counsel's motion provides a sufficient basis to grant the stay." Through their Motion for Reconsideration, Defendants now attempt to reargue the same insufficient bases set forth in their motion to stay, while improperly adding in new arguments.  In so doing, however, Defendants have failed to show that the Court overlooked any controlling authority or critical factual allegations. Moreover, the Court's Order was proper as there is no automatic stay against non-debtor defendants.

Accordingly, Defendants' motion should be denied in its entirety.

## ARGUMENT

## I.   LEGAL STANDARDS

### A.   Motion for Reconsideration

Reconsideration of a Court order is "an extraordinary remedy to be employed sparingly" and is "not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Lima LS PLC v. Nassau Reins. Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 577 (S.D.N.Y. 2015) (internal quotations omitted). Reconsideration is not appropriate where a party simply

---

[1] Citations to "Def. Mtn." refer specifically to Defendants' Memorandum of Law in Support of their Motion for Reconsideration, filed at Dkt. No. 67-1.

disagrees with a Court order; on the contrary, the party seeking reconsideration "bears the heavy burden of demonstrating that there has been an intervening change in controlling law, that new evidence has become available, or that there is the need to correct a clear error or prevent manifest injustice." *Quinn v. Altria Group, Inc.*, No. 07-cv-8783, 2008 U.S. Dist. LEXIS 62927, at *2 (S.D.N.Y. Aug. 1, 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Local Rule 6.3 specifically requires that a motion seeking reconsideration "set[] forth concisely the matters or controlling decisions" that a party believes the Court has overlooked, L.R. 6.3, and is intended "to ensure the finality of decision." *Lima*, 160 F. Supp. 3d at 577 (internal quotations omitted).  For this reason, courts must "narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues." *Id.*; *see also Holmes v. Fischer*, No. 09-cv-829S(F), 2013 U.S. Dist. LEXIS 87124, at *31 (W.D.N.Y. June 20, 2013) (motions for reconsideration are "generally granted only upon the showing of exceptional circumstances") (quoting, *inter alia*, *Mendell v. Gollust*, 90 F.2d 724, 731 (2d Cir. 1990)).  Ultimately, the "decision to grant or deny a motion for reconsideration is within the sound discretion of the court." *Keiser v. CDC Inv. Mgmt. Corp.*, 2004 U.S. Dist. LEXIS 4109, No. 99 Civ. 12101 (WHP), 2004 WL 516212, at *1 (S.D.N.Y. Mar. 17, 2004).

### B.    Discretion to Stay Proceedings

It is well settled that district courts have discretion in determining whether to stay proceedings. *See Landis v. North American Co.*, 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants."). Courts considering stay applications must "exercise [their] judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

## II.      DEFENDANTS CANNOT JUSTIFY RECONSIDERATION

### A.      The Court Did Not Overlook Critical Facts or Controlling Authority

Initially, Defendants do not claim that the Court overlooked any controlling authority in issuing its Order. In fact, in their Motion for Reconsideration, Defendants cite to only one case, *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-cv-3956 (JS)(AKT), 2017 U.S. Dist. LEXIS 186194 (E.D.N.Y. Nov. 9, 2017), which they use to support the proposition that a bankruptcy petition automatically stays other actions against the debtors. (*See* Def. Mtn. at 2-3). However, the Court in *Franco* denied the defendants' request in that case to stay the proceeding as to the non-debtor defendants and therefore *Franco* does not in fact support defense counsel's position at all. Regardless, the Court did not overlook this case, as defense counsel did not cite it in its original submission to the Court. *See Levin v. Gallery 63 Antiques Corp.*, No. 04-CV-1504, 2007 U.S. Dist. LEXIS 31811, 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) ("[T]he sole function of a proper motion for reconsideration is to call to the Court's attention to dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision; in other words, an obvious and glaring mistake.") (internal quotation marks omitted). Furthermore, even if the Court had overlooked it, district court cases are not controlling on this Court. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (internal quotation marks omitted).

Notably, the Court's Order denying "the portion of defense counsel's motion requesting a stay of proceedings pending Magistrate Judge Pollack's ruling on the motion to withdraw a counsel to Defendants" does not overlook either of Defendants' grounds for requesting a stay. (*See* Court's

Order February 4, 2019). Rather, the Court specifically and properly sets forth that "[n]othing in defense counsel's motion provides a sufficient basis to grant the stay." *Id.* While the Court does not provide a detailed analysis of the legal and factual arguments proffered by defense counsel in its motion to stay, parties are to presume – and can infer based on the language of the Court's Order – that the Court fully considered all of the bases set forth in the motion and, based on its sound discretion, decided that the arguments were insufficient. *See In re CRM Holdings, Ltd. Sec. Litig.*, 2013 U.S. Dist. LEXIS 30116 at *15-17, n.6 ("[J]ust because a court does not specifically reference every factual detail or incident to which a party attaches special significance does not necessarily establish that the Court did not consider that particular matter.") (quoting *Ferrand v. Credit Lyonnais*, 292 F. Supp. 2d 518, 521-22 (S.D.N.Y. 2003), aff'd 110 F. App'x 160 (2d Cir. 2004)); *see also Pereira v. Aetna Cas. & Surety Co. (In re Payroll Express Corp.)*, No. 95-CV-4385, 1997 U.S. Dist. LEXIS 12971, 1997 WL 539777, at *1 (S.D.N.Y. Aug. 28, 1997) ("All materials and arguments submitted in support of (or in opposition to) a motion are presumed to have been considered by the Court."), aff'd, 186 F.3d 196 (2d Cir. 1999). In their Motion for Reconsideration, Defendants have not pointed to any facts or case law "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

**B.     Defendants' New Arguments Must Not be Considered**

"A motion for reconsideration should not be used 'to put forward additional arguments which the movant could have made, but neglected to make before judgment.'" *Davidson*, 172 F. Supp. 2d at 464 (citing *Goldstein v. State of New York*, 2001 U.S. Dist. LEXIS 11318, No. 00 Civ. 7463, 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001)); *see also Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523-24 (S.D.N.Y. 2014) ("[T]he movant cannot rely upon facts, issues, or arguments

that were previously available but not presented to the court, or reargue issues that have already been considered.") (citation omitted). Defendants state in their Motion for Reconsideration, for the first time, that "there is an automatic bankruptcy stay" and that the stay should apply to all Defendants. *See* Def. Mtn. at 4. Defendants have not made a motion to the Court for a stay of the matter against all Defendants in this action and certainly cannot do so in their Motion for Reconsideration. *See Davidson*, 172 F. Supp. 2d at 463-464 ("It is well established that the submission of new evidence is precluded on a motion for reconsideration").

Even if Defendants are to move for a stay of the entire matter against all Defendants, such motion should be denied as "[g]enerally speaking, 'stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.'" *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) *accord* 3 Collier on Bankruptcy § 362.03[3][d] (16th ed. 2012). While there are certain limited exceptions to this rule in "unusual circumstances" (i.e., (1) where the debtor is a guarantor; (2) where the claim is against the debtor's insurer; and (3) actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant), such exceptions do not apply in this case. *See Acker v. Wilger*, 2012 U.S. Dist. LEXIS 161628, at *2-4 (S.D.N.Y. Oct. 25, 2012) (citing *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)).

Finally, Defendants argue for the first time, in response to the Court's ruling, that counsel acted in good faith in its request to stay. *See* Def. Mtn. at 3. Such arguments should also be disregarded in this matter as a motion for reconsideration is not a place to set forth new arguments in response to dissatisfaction with the Court's ruling. *See Davidson*, 172 F. Supp. 2d at 463-464. *In re CRM Holdings, Ltd. Sec. Litig.*, No. 10-CV-00975, 2013 U.S. Dist. LEXIS 30116, at *9 (S.D.N.Y. March 4, 2013) ("[R]econsideration is not an invitation for parties 'to treat the court's

initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.") (citing *de los Santos v. Fingerson*, No. 97-CV-3972, 1998 U.S. Dist. LEXIS 17735, 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)). Accordingly, Defendants' failure to raise certain arguments to provide a sufficient basis for their Motion to Stay does not warrant reconsideration of the Court's Order.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' Motion for Reconsideration in full.

Dated: New York, New York
       March 5, 2019

                                        Respectfully submitted,

                                        **PELTON GRAHAM LLC**


                                        By:  */s/ Brent E. Pelton*
                                        Brent E. Pelton (BP 1055)
                                        Taylor B. Graham (TG 9607)
                                        Alison L. Mangiatordi (AL 1020)
                                        111 Broadway, Suite 1503
                                        New York, New York 10006
                                        Telephone: (212) 385-9700
                                        Facsimile: (212) 385-0800

                                        *Attorneys for Plaintiffs, the FLSA Collective
                                        and Classes*