UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

YASER OMAR, EMMANUEL GARCIA, and
CHARLIE GARCIA, individually and on behalf of all
others similarly situated,

          Plaintiffs,

v.

1 FRONT STREET GRIMALDI, INC. d/b/a
Grimaldi's Pizzeria, DUMBO RESTAURANT CORP.
d/b/a Grimaldi's Pizzeria, SIXTH AVENUE
GRIMALDI, INC. d/b/a Grimaldi's Pizzeria, 1215
SURF AVE. RESTAURANT CORP. d/b/a Grimalidi's
Pizzeria, and FRANK CIOLLI, jointly and severally,

          Defendants.

**MEMORANDUM
AND ORDER**

16-CV-05824 (LDH) (CLP)

---

LASHANN DEARCY HALL, United States District Judge:

  Before the Court is Defendants' February 19, 2019 motion for reconsideration of the Court's February 4, 2019 order denying defense counsel's request for a stay of these proceedings. (ECF No. 67.)

  On January 23, 2019, Rivkin Radler LLP ("Rivkin Radler") moved to withdraw as counsel to Defendants and to stay this action pending resolution of its motion and for an additional 60 days to permit Defendants to retain new counsel.[1] (Order Show Cause, ECF No. 62.) The basis for Rivkin Radler's motion to withdraw was Defendants' alleged failure to pay their legal fees since at least September 2018. (Decl. Scott R. Green Supp. Order Show Cause Withdraw Counsel ("Green Decl.") ¶ 8, ECF No. 62-1.) Rivkin Radler made two arguments in support of its request for an interim stay. *First*, Rivkin Radler argued that, without a stay, Defendants would suffer unfair prejudice by waiving their right to object to Magistrate Judge Cheryl L. Pollack's January 8, 2019 report and recommendation (the "R&R") (ECF No. 60).

---

[1] Rivkin Radler also moved to file certain supporting exhibits under seal. (ECF No. 63.) The motion is GRANTED.

(Green Decl. ¶¶ 19–20.)  Objections to the R&R were due by January 25, 2019, two days after Rivkin Radler's motion.  (*Id.* ¶ 18.)  Notably, Rivkin Radler failed to provide good cause for waiting more than 450 days after Defendants stopped paying their bills, more than three months after the firm began its unsuccessful efforts to collect the outstanding debts, more than two weeks after the R&R was issued, and only two days before the deadline for objections before moving for the relief they ultimately sought.  If Rivkin Radler assumed that the urgency of the impending deadline would inure to its or its clients' benefit, the firm was mistaken.  Any resulting prejudice to Defendants was entirely self-inflicted by their counsel.  *Second*, Rivkin Radler argued that a 60-day stay would not cause unreasonable delay in these proceedings, adding that Defendant Dumbo Restaurant Corp.'s bankruptcy proceeding, which was commenced on October 30, 2018, "would likely support a separate, distinct, and necessary cause for a stay or partial stay in this matter" in any event.  (*Id.* ¶¶ 21–22.)  The firm cited no caselaw or statutory authority and made no legal analysis supporting this argument.  Indeed, the firm's entire argument on this point comprised the quoted sentence above and one other nearly identical sentence.  (*Id.* ¶¶ 16, 22.)

      11 U.S.C. § 362(a)(1) provides, in relevant part, that the filing of certain bankruptcy petitions operates as an automatic stay of any "action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case]."  "It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."  *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986); *accord Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Sys., Inc.*, 235 F.3d 53, 58 (2d Cir. 2000).  Although district courts have separate, discretionary authority under 11 U.S.C. § 105 to extend this automatic stay to non-bankrupt co-defendants, it is the defendants'

burden to show that such an exception to the general rule should apply. *Millard v. Developmental Disabilities Inst., Inc.*, 266 B.R. 42, 44 (E.D.N.Y. 2001) (declining to extend automatic stay to non-bankrupt corporate and individual co-defendants in wage-and-hour case). District courts in this circuit have held that an automatic stay pursuant to § 362(a) as to a debtor co-defendant does not preclude subsequent class certification as to claims against non-debtor co-defendants in the same action. *E.g.*, *Ebin v. Kangadis Family Mgmt. LLC*, 45 F. Supp. 3d 395, 398 (S.D.N.Y. 2014); *In re Globalstar*, No. 01-CV-1748, 2004 WL 2754674, at *2 (S.D.N.Y. Dec. 1, 2004). In its January 23 motion, Rivkin Radler offered the Court no basis for extending the automatic stay of this action against Defendant Dumbo Restaurant Corp. to the non-debtor co-defendants in this action.

Nonetheless, Defendants' February 19, 2019 motion seeks reconsideration of the Court's February 4, 2019 order denying a stay of this entire action pending resolution of Rivkin Radler's motion to withdraw and, presumably, Defendants' retention of new counsel. (ECF No. 67.) It is well-settled that a motion for reconsideration is not the proper vehicle for obtaining a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). "Thus, the movant cannot rely upon facts, issues, or arguments that were

previously available but not presented to the court, or reargue issues that have already been considered." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014).

Here, the Court shall not consider Defendants' argument that Rivkin Radler acted in good faith in gathering information about the bankruptcy proceedings between November 2018 and "early January 2019," because such information was certainly known to Rivkin Radler by January 23, 2019, yet was not included in its motion to withdraw. Defendants' other argument—that the bankruptcy proceeding automatically stays this action as to all Defendants—is simply wrong, for the reasons set forth above. Defendants point to no change of controlling law to support their argument, and the only case they cite is fatal to their position here. *See Franco v. Ideal Mortgage Bankers, Inc.*, No. 07-CV-3956, 2017 WL 5195223, at *2–3 (E.D.N.Y. Nov. 9, 2017) ("A court should not extend the automatic stay where the non-debtor is 'independently liable as, for example, where the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of duty.'" (quoting *In re FPSDA I, LLC*, No. 10-75439, 2012 WL 6681794, at *8 (Bankr. E.D.N.Y. Dec. 21, 2012)).

For the foregoing reasons, Defendants' motion for reconsideration is DENIED. The Court notes that this action, as against Defendant Dumbo Restaurant Corp., is automatically stayed pending resolution of the bankruptcy proceedings pending in case number 18-46265-nhl (Bankr. E.D.N.Y.). Defendant Dumbo Restaurant Corp. shall file a status report regarding its bankruptcy proceedings by April 30, 2019.

SO ORDERED.

Dated: Brooklyn, New York  
      March 13, 2019

s/ LDH  
L<small>A</small>SHANN D<small>E</small>ARCY HALL  
United States District Judge

4