UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YASER OMAR, EMMANUEL GARCIA,
and CHARLES GARCIA, *Individually and*
*On Behalf of All Others Similarly Situated*,

                                        Plaintiffs,

                -against-

1 FRONT STREET GRIMALDI, INC., d/b/a          **ORDER**
GRIMALDI'S PIZZERIA, SIXTH AVENUE          16 CV 5824 (LDH) (CLP)
GRIMALDI, INC., d/b/a GRIMALDI'S
PIZZERIA, 1215 SURF AVE. RESTAURANT
CORP., d/b/a GRIMALDI'S PIZZERIA,
DUMBO RESTAURANT CORP., and FRANK
CIOLLI, *Jointly and Severally*,

                                        Defendants.
-------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:


        Currently pending before the Court is defendants' counsel's motion to withdraw as

counsel.  The Court assumes familiarity with the underlying facts of this case, which were

described recently in this Court's January 8, 2019 Report and Recommendation (the "Report").

(See 1/8/2019 R&R[1] at 2-6).  The Court provides a summary of the relevant procedural history

since the Report was issued.

        Objections to the undersigned's Report were due January 22, 2019.  On January 16, 2019,

defendants' counsel, Rivkin Radler LLP, filed a letter requesting an extension of time to file

their objections to the Report.  The Honorable LaShann DeArcy Hall granted the request in part,

giving defendants until January 25, 2019.

---

[1] Citations to "1/8/2019 R&R" refer to this Court's Report and Recommendation, filed January
8, 2019, ECF No. 60.

On January 23, 2019, defendants' counsel filed a motion to withdraw as counsel. (1/23/2019 Mot.[2]).  Specifically, defendants' counsel requested a show cause hearing at which counsel could be heard on why Rivkin Radler LLP should be permitted to withdraw as counsel for defendants, and asked for a retaining and charging lien against defendants' file.  (Id. at 1). Defendants' counsel also requested that the deadline to file objections to the Report be stayed, and all proceedings be stayed for sixty days to afford defendants time to obtain new counsel. (Id. at 2).

The basis for defendants' counsel's motion is that defendants have failed to pay counsel. (See Green Decl.,[3] at 2).  Counsel explains that despite conversations with his client, there is presently $72,801.00 in unpaid legal bills, and the oldest invoice is more than four hundred and fifty days old.  (Id.)

On February 4, 2019, the district court denied that portion of counsel's motion requesting a stay of defendants' deadline to object to the Report; the district court also denied counsel's motion for a stay of proceedings pending the undersigned's ruling on the motion to withdraw as counsel.  Thereafter, on February 19, 2019, defendants filed a motion for reconsideration of the district court's February 4, 2019 Order.

On February 22, 2019, this Court held a Show Cause hearing on defendant's counsel's motion to withdraw, at which time, decision was reserved pending the district court's ruling on the motion for reconsideration.  The district court denied the motion for reconsideration on March 13, 2019 and adopted the undersigned's Report on the same day.  In denying the motion,

---

[2] Citations to "1/23/2019 Mot." refer to defendants' counsel's Motion for an Order to Show Cause to Withdraw as Counsel, filed on January 23, 2019, ECF No. 62.
[3] Citations to "Green Decl." refer to the Declaration of Scott R. Green in Support of Order to Show Cause to Withdraw as Counsel, attached to defendants' counsel's Motion for an Order to Show Cause.

the district court explained that, "Rivkin Radler failed to provide good cause for waiting more than 450 days after Defendants stopped paying their bills, more than three months after the firm began its unsuccessful efforts to collect the outstanding debts, more than two weeks after the R&R was issued, and only two days before the deadline for objections before moving for the relief they ultimately sought." (See 3/13/2019 Order[4] at 2).

## DISCUSSION

1. Legal Standards

Defendants' counsel sought to withdraw pursuant to Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern Districts of New York. Rule 1.4 provides in part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

Local Civ. R. 1.4.

Whether to grant or deny a motion to withdraw as counsel "'falls to the sound discretion of the trial court.'" Stair v. Calhoun, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting In re Albert, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)). Although courts in this Circuit have found that a client's nonpayment of fees constitutes "a satisfactory reason" for withdrawal, Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (citing cases), courts also consider whether "'the prosecution of the suit is [likely to be] disrupted by the

---

[4] Citations to "3/13/2019" Order refer to the district court's Order denying counsel's motion for reconsideration, filed on March 13, 2019, ECF No. 71.

withdrawal of counsel.'" Whiting v. Lacara, 187 F.3d 317, 320-21 (2d Cir. 1999) (quoting

Brown v. National Survival Games, Inc., No. 91 CV 221, 1994 WL 660533, at *3 (N.D.N.Y.

Nov. 18, 1994)). The Court may also consider "likely prejudice to the client, whether the

motion is opposed, and whether the unpaid representation has become a severe financial

hardship to the firm." Stair v. Calhoun, 722 F. Supp. 2d at 264.

2. Analysis

In this case, the Court finds that the potential prejudice to the clients supports denial of

the motion. At the Show Cause hearing, the individual defendant, Frank Ciolli, expressed a

willingness to continue working with counsel and to make an effort to resolve the fee issues. In

addition to representing Mr. Ciolli, Rivkin Radler LLP represents the various corporate

defendants. It is well settled in this Circuit that "a corporation [ ] cannot proceed pro se in

federal court." Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt.

Cooperation, Pension & Welfare Funds v. Tri-State Acoustics Corp., No. 13 CV 05558, 2014

WL 4537481, at *5 (E.D.N.Y. Sept. 11, 2014); see also Shapiro, Bernstein & Co. v. Cont'l

Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam). If counsel's request to withdraw

was granted, defendants would be left without representation and the corporate defendants would

be subject to potential motions for default. At the time the motion to withdraw was filed on

January 23, 2019, counsel requested a stay for 60 days to allow defendants to obtain new

counsel. Apart from the fact that the district court denied the request for a stay, nearly sixty days

have already passed from the date of that motion, and defendants have yet to obtain new counsel.

To date, no substitution of counsel has been filed for defendants. Accordingly, the Court

denies counsel's motion to withdraw without prejudice to renew. Once defendants have

obtained substitute counsel, Rivkin Radler LLP may renew its motion.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       March 22, 2019

                                          /s/ Cheryl L. Pollak
                                          Cheryl L. Pollak
                                          United States Magistrate Judge
                                          Eastern District of New York