**PELTON GRAHAM LLC**

111 BROADWAY, SUITE 1503, NEW YORK, NEW YORK 10006
T 212.385.9700 ‖ F 212.385.0800 ‖ WWW.PELTONGRAHAM.COM

**BRENT E. PELTON, ESQ.**  JUNE 5, 2019
PELTON@PELTONGRAHAM.COM

**VIA ECF**

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Omar, et al. v. 1 Front Street Grimaldi, Inc. et al.*
              **Civil Action No. 16 Civ. 5824 (LDH)(CLP)**

Dear Judge Hall:

      As Your Honor is aware, this firm is class counsel in the above-referenced action. We write, pursuant to Your Honor's Individual Practices, to request a pre-motion conference in anticipation of Plaintiffs' Motion to Amend the Complaint. Plaintiffs have met and conferred with Defendants regarding Plaintiffs' anticipated motion, but Defendants decline to consent to Plaintiffs filing the amended complaint. Plaintiffs' bases for the anticipated Motion to Amend are set forth below.

**I.**    **Relevant Background**

      On October 18, 2016, Plaintiffs Yaser Omar, Emmanuel Garcia, and Charlie Garcia (together, the "Named Plaintiffs") initiated this action, alleging that Defendants 1 Front Street Grimaldi, Inc. ("Front Street"), Sixth Avenue Grimaldi, Inc. ("Sixth Ave."), Grimaldi's Luna Park (which has since been substituted as 1215 Surf Ave. Restaurant Corp.) ("Coney Island"), and Frank Ciolli ("Ciolli", and, together with Front Street, Sixth Ave. and Coney Island, the "Defendants" or "Grimaldi's")[1] failed to pay them and similarly situated bussers, servers and counter employees minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL") and regulations promulgated thereunder, failed to pay spread-of-hours pay in violation of the NYLL, and failed to provide wage notices and wage statements in violation of NYLL § 195. (Dkt. Nos. 1, 29).

      Pursuant to the Court's Order granting Plaintiffs' motion to amend (*see* Dkt. No 43), on May 9, 2018, Plaintiffs filed an amended complaint to, *inter alia*, add Dumbo Restaurant Corp.

---

[1] Named Plaintiffs initially also filed the lawsuit against John Does #1-45, but dismissed against these parties without prejudice on November 22, 2016. (Dkt. No. 12).

–« ADVOCATES FOR JUSTICE »–

("Dumbo") as a successor entity to Front Street, operating the Grimaldi's Pizzeria location at 1 Front Street, Brooklyn, NY 11201. On October 30, 2018, Dumbo filed for Chapter 11 bankruptcy. (*See* In re Dumbo Restaurant Corp., LLC, Case No. 1-18-46265, Bankr. E.D.N.Y.). On January 12, 2019, the bankruptcy case was converted to a case under Chapter 7 and a trustee was appointed.

During the pendency of the bankruptcy proceedings, Plaintiffs have learned that Dumbo has ceased operating the Grimaldi's location at 1 Front Street, Brooklyn, NY 11201. In Dumbo's place, in or around March 2019, Brooklyn Pizzeria Inc. ("Brooklyn Pizzeria"), which is owned by Defendant Ciolli's son, Joseph Ciolli, took over the operations of the 1 Front Street location and is a successor corporation to Front Street and Dumbo. Specifically, Brooklyn Pizzeria acquired substantial assets of Dumbo, continued the business operations of Dumbo, employs substantially the same work force as Dumbo, employs the same supervisory personnel as Dumbo, uses the same kitchen, oven, and methods of production as Dumbo, and produces essentially the same products as Dumbo. Brooklyn Pizzeria is therefore a mere continuation of Dumbo and assumed the liabilities of Dumbo, making it a proper defendant in this action.

**II.     Legal Standard**

    **A.  Plaintiffs Should be Permitted to Amend the Complaint**

It is well-established that leave to amend pleadings pursuant to F.R.C.P. 15(a), 20(a) and 21 should be liberally granted in the absence of undue delay, bad faith, futility or prejudice. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005); *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07 Civ. 3956, 2009 U.S. Dist LEXIS 91570, at *8 n. 3 (E.D.N.Y. Sept. 28, 2009) (discussing joinder pursuant to F.R.C.P. 20(a) and 21). Pertinent considerations include "judicial economy and [the court's] ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact the amendment would have on each of the parties already named in the action." *Michalek v. Amplify Sports & Entm't LLC*, No. 11 Civ. 508, 2012 U.S. Dist. LEXIS 85727, at*3-4 (S.D.N.Y. June 20, 2012).

<u>Plaintiffs' proposed amended complaint is not futile</u> because it does not fail to state a claim for relief. *Health-Chem. Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990). Under the traditional common law test applied in New York, companies can be found to be a successor when: (1) the successor expressly or impliedly assumed the predecessor's tort liability; (2) where there was a consolidation or merger of seller and purchaser; (3) where the purchasing corporation was a mere continuation of the selling corporation; or (4) where the transaction is entered into fraudulently to escape such obligations. *See Battino, et al. v. Cornelia Fifth Ave.*, LLC, 2012 U.S. Dist. LEXIS 72851, *27-28 (May 24, 2012) (citing *New York v. Nat'l Serv. Indus., Inc.* 460 F.3d 201, 209 (2d Cir. 2006). Under the broader test for successor liability that federal courts typically apply in the labor and employment context, a company that purchases anther company's assets may be liable as a successor if there was substantial continuity between the enterprises. *Id.* (citing *Fall River Dyeing & Finishing Corp. v. NLRB,* 482 U.S. 27, 43 (1987). Here, Plaintiffs' proposed amended complaint is not futile under either the traditional or the substantial continuity test because, as a

mere continuation of the selling corporation, Brooklyn Pizzeria Inc. is a successor to Dumbo Restaurant Corp. *See, e.g., New York v. Nat'l Serv. Indus. Inc.,* 460 F.3d 201, 209 (2d Cir. 2006).

<u>Plaintiffs' proposed amended complaint will not unduly prejudice defendants or delay the litigation</u> because Plaintiffs have not delayed in moving to amend the complaint. In fact, Plaintiffs requested the amendment soon after they were informed about the successor company. Moreover, the amendment would not cause delay as no additional discovery would need to be conducted based on this amendment. Finally, the amendment would not unduly prejudice Defendants as the proposed amendment "does not raise factual claims unrelated to the events in the original complaint." *See Michalek*, 2012 U.S. Dist. LEXIS at *13-16 (internal citations omitted). "Where the proposed amendment arises from the same set of operative facts as the original claims, or from events closely related to those originally pleaded, the mere fact that discovery has concluded does not provide a reason for denying leave to amend." *Id.* Indeed, claims against Brooklyn Pizzeria are the exact same claims that are asserted against existing Defendants. *Id.* Since the Court has certified Plaintiffs' NYLL claims as a Fed. R. Civ. P. 23 class (*see* Dkt. Nos. 70, 71), additional discovery is needed from Defendants as to the certified class.[2] As such, the addition of Brooklyn Pizzeria Inc. as a defendant will not prejudice Defendants as it will not cause Defendants to expend any additional resources to conduct discovery and prepare for trial than is already necessary given the certified class. *Id.*

\*     \*     \*

Based on the above, we respectfully request a pre-motion conference for Plaintiffs' anticipated Motion to Amend the complaint or, as an alternative, permission to forego the pre-motion conference and set a briefing schedule for the motion.

We appreciate Your Honor's attention to this matter. Please contact the undersigned at (212) 385-9700 should you have any questions regarding this submission.

                            Respectfully submitted,

                            */s/ Brent E. Pelton*

                            Brent E. Pelton, Esq. of
                            PELTON GRAHAM LLC

cc:     All counsel (via ECF)

---

[2] By operation of 11 U.S.C. § 362(a), the action is automatically stayed as to Defendant Dumbo Restaurant Corp.