UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YASER OMAR, et al.,

                       Plaintiffs,

      -against-

1 FRONT STREET GRIMALDI, INC., et al.,

                       Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
16 CV 5824 (LDH) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

      This wage and hour case was commenced on October 18, 2016, by three individuals, Yaser Omar ("Omar"), Emmanuel Garcia, and Charles Garcia (the "plaintiffs"), on behalf of themselves and all others similarly situated, against defendants 1 Front Street Grimaldi, Inc., d/b/a Grimaldi's Pizzeria, Sixth Avenue Grimaldi, Inc., d/b/a Grimaldi's Pizzeria, 1215 Surf Ave. Restaurant, d/b/a Grimaldi's Pizzeria, and Frank Ciolli (collectively, "defendants") seeking damages based on defendants' failure to pay minimum wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq., along with unpaid spread of hours wages, and failure to provide proper wage notices and wages statements under the NYLL.

      On January 8, 2019, the undersigned recommended that the district court grant plaintiffs' motion to certify the class collective in this FLSA matter. The Honorable LaShann DeArcy Hall adopted that recommendation in full on March 13, 2019 and Ordered the parties to "meet and confer on the form of notice procedures, as well as the production of class members' contact information." (See ECF No. 70). In the time since that Order, the corporate defendants have either been dismissed or are in default, leaving only Mr. Ciolli to furnish the "class list" to plaintiffs.

On June 28, 2021, plaintiffs' counsel moved to compel Mr. Ciolli to produce a class list or bear the cost of notification to the class by publication. (ECF No. 122 at 1). According to plaintiffs, they met and conferred with Mr. Ciolli, who claimed that he does not have the sought-after information and thus would not produce it. In an Order dated July 15, 2021 and filed on ECF on July 21, 2021, the undersigned noted that it was "difficult to believe that Mr. Ciolli has no information, not even the names, of those who worked for him at any of the five" restaurants identified in the Complaint. (July 15 Order, ECF. No. 124 at 2). The Court thus Ordered Mr. Ciolli to submit a class list and contact information to plaintiffs or provide "a sworn affidavit indicating under oath that he has no records whatsoever and cannot recall a single employee who worked for him at these restaurants." (Id.)

Plaintiffs filed a subsequent letter, dated September 2, 2021, advising the Court that Mr. Ciolli had failed to comply with the Court's July Order. (ECF No. 126). Plaintiffs requested that, if Mr. Ciolli is unable to produce a class list, this Court Order Mr. Ciolli to mail notice to the class members for whom plaintiffs' have addresses, that notices be posted at all the New York City Grimaldi's locations, and that notices be published via Facebook, all at Mr. Ciolli's expense. (Id.)

On September 13, 2021, this Court Ordered Mr. Ciolli to respond to plaintiffs' September 3 letter and indicate whether he objects to plaintiffs' proposed Order "no later than September 27, 2021." (September 13 Order, ECF No. 127 at 1). The Court warned that, if Mr. Ciolli failed to respond by that date, it would "recommend that the district Court enter an Order as articulated by the plaintiffs." (Id. at 2).

As of October 26, 2021, Mr. Ciolli has failed to respond to the plaintiffs' September 3, 2021 letter. Thus, this Court respectfully recommends that the District Court enter an Order:

(1) permitting plaintiffs to mail class notice to the thirty-eight (38) class members for whom they have addresses;

(2) permitting plaintiffs to publish notice to the class via Facebook at Ciolli's expense, with Ciolli to issue payment to Plaintiffs of five thousand dollars ($5,000.00) by certified check mailed to Plaintiffs' counsel's office within two (2) weeks of the Court's Order for the cost of such publication; and

(3) requiring Mr. Ciolli to:

(a) post notice at the New York City Grimaldi's locations with which Mr. Ciolli is still involved and/or in which he has an ownership interest,

(b) mail proof of such posting to plaintiffs' counsel within two (2) weeks of the Court's Order, and

(c) permit plaintiffs' counsel to inspect the posting throughout the entirety of the notice period.

The plaintiffs are instructed to serve Mr. Criolli with this Report and Recommendation and their October 11, 2021 letter (ECF No. 128) and to file an affidavit of service with this Court through the Electronic Case Filing (ECF) system. The Clerk is also directed to send copies of this Order to the parties either electronically through ECF or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 26, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York